## CUSHING, APPELLANT, *v.* QUIGLEY, RESPONDENT.

[Submitted December 15, 1891. Decided February 29, 1892.]

EXEMPTIONS — *Wages of judgment debtor — Evidence.* — Where the wages of a judgment debtor were levied upon and by him claimed as exempt from execution, as his personal earnings, within thirty days preceding the levy and necessary for the use of his family residing in this State, supported wholly or in part by his labor, under section 321 of the Code of Civil Procedure, evidence on behalf of the officer making the levy, in an action against him to recover such wages, as to the quantity and value of the property held in the name of plaintiff's wife, and used by the family in common, and during such period, is admissible upon the issue as to whether or not the family was in fact supported by the earnings of the plaintiff, or from some other source.

SAME— *Same — Fraud — Instructions.* — In such case the plaintiff could commit no fraud upon his creditors by delivering such earnings to his wife to be used for the support of his family when the same were necessary for that purpose, and it is not error for the court to refuse to instruct the jury that, though the plaintiff gives his wages to his wife for the express purpose of defeating his creditors, but if the same is necessary for the support of his family in whole or in part, they should disregard the fraud on his part altogether, as such instruction is unnecessary and misleading when viewed in connection with other instructions to the effect that creditors could not rely upon any question of fraud in seeking to reach property exempt under the law, and defining the meaning of the word "necessary" when used in statutes exempting such earnings from execution.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for debt. The cause was tried before DURFEE, J. Defendant had judgment below.

*Brantly & Scharnikow,* for Appellant.

I. A gift from the husband to the wife of property exempt from execution is not a fraud upon the creditors of the husband. (*Robb* v. *Brewer,* 60 Iowa, 539; *Pike* v. *Miles,* 23 Wis. 164; 99 Am. Dec. 148, and note.)

II. The purpose of exemption of wages of a laboring man is to enable husbands to support their families, and such exemption laws should be liberally construed. (*In re McManus' Estate,* 87 Cal. 292; 22 Am. St. Rep. 250; *Pettit* v. *Muskegon etc. Co.* 74 Mich. 214.)

III. The sole trader act does not make the wife the head of the family, nor in any respect change the marital relations further than her business as a sole trader. (*Saunders* v. *Webber,* 39 Cal. 291.) Nor is it necessary that the debtor should be the head of the family, in order to entitle him to his exemptions. (*Zimmerman* v. *Franke,* 34 Kan. 650.) The sole trader act makes the wife responsible for the support of the children, but in no way does it take away the responsibility of the husband, who is also liable. In no way does this act deprive either the wife or the husband of their exemptions, the intention of this act being only to extend the responsibility and liability of the wife, in return for the privileges accorded her to do business in her own name.

IV. The husband and wife are both liable for the support of their family, and if the husband's wages are used in the support of the family, they are exempt from garnishment or execution. (9 Am. & Eng. Encycl. of Law, pp. 816–820; Schouler on Domestic Relations, § 154, p. 226; 2 Bishop on Marriage and Divorce, § 528, p. 448.)

*Cole & Whitehill,* for Respondent.

I. When a sheriff takes property of a debtor, who claims that it is exempt from seizure upon execution, it is not enough for him to simply claim the exemption in the mode prescribed by statute, but he must prove that the property was exempt and thus the seizure was illegal. In this case, in order to secure the benefit of the statute exempting the wages of a married man, the appellant must show affirmatively and cer-

tainly that his earnings for the month of June, 1890, were in fact necessary for the support of his family at that time. (*Arthur v. Unkart*, 96 U. S. 122; *Griffin* v. *Lathulu*, 14 Barb. 456; *Tuttle* v. *Bach*, 14 Barb. 417; *Swan* v. *Stephens*, 99 Mass. 7; *Van Sickler* v. *Jacobs*, 14 Johns. 434; *Boesker* v. *Pickett*, 81 Ind. 554; *Guise* v. *State*, 41 Ark. 249; *Briggs* v. *McCullough*, 36 Cal. 542.)

II.   The evidence of the appellant's witnesses, without considering that of the defendant, show that the wages seized were not needed for the support of the family at all, but to pay a meat bill of about one hundred and fifty dollars, furnished to appellant's wife for consumption in a boarding-house she was carrying on as a sole trader.   The appellant's evidence shows also, beyond any question, that since the year 1885, by means of a married woman's separate list of property and a declaration of sole tradership, his wife had covered up, under her name, from his creditors, not only all his property of every description, but had also concealed and absorbed every dollar of his wages in her separate property and business for a period of two years and a half, immediately preceding the seizure of his wages by respondent.   It was proven also that the value of the wife's property was at least two thousand five hundred dollars, with no indebtedness on it, and that during most of this time the whole family was supported by the wife out of her business as a sole trader.   If such evidence (without considering any question of fraud) does not show conclusively that appellant's wages for the month of June, 1890, were not necessary for the support of his family, but were intended rather to be hoarded away with his former monthly earnings which are not exempt, as profits of the wife's business, it most certainly is some evidence of that fact.   If there is any substantial evidence to support the verdict of the jury, this court will not set it aside. (*Ramsey* v. *Cortland Cattle Co.* 6 Mont. 501.)

III.   The wages of a judgment debtor are not exempt if he has a family, but fails to provide for them; nor can the obligation of maintaining his family be enforced if the wife has sufficient means of her own for that purpose. (*Martin* v. *Sheridan*, 2 Hilt. 586; Stewart on Marriage and Divorce, §§ 179, 180, 372.).

HARWOOD, J.—This action was brought to recover from defendant the sum of one hundred and thirty-one dollars, said sum having been earned by and was due plaintiff from the Anaconda Smelting Company, and was collected by defendant on or about July 18, 1890, acting as sheriff of Deer Lodge County, under and by virtue of an execution duly issued on a valid judgment in favor of one Menard against Cushing, the plaintiff in this action. Plaintiff made a demand for the release of said money on the ground that the same was exempt from levy under the provisions of subdivision 10 of section 321 of the Code Civil Procedure, alleging that said money represented his personal earnings during the last thirty days prior to said levy, and was necessary for the support of his family residing in this State.

The statute cited and relied on for such exemption reads as follows : "The earnings of the judgment debtor for his personal services rendered at any time within thirty days next preceding the levy of the execution (or levy of attachment), when it shall be made to appear by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family residing in this State, supported wholly or in part by his labor."

When the case came on for trial the parties to the action, by mutual admission, stripped the cause of all other issues, save and except the issue as to whether or not said wages were "necessary for the use of plaintiff's family residing in this State, supported wholly or in part by his labor." Upon the trial of this issue the jury found for defendant, and judgment was rendered in his favor accordingly. Plaintiff moved for a new trial on the grounds: (1) Insufficiency of evidence to justify the verdict; (2) that the verdict is contrary to law; (3) error of law occurring at the trial, and excepted to by the moving party. The motion for new trial was overruled by the court, and plaintiff thereupon appealed from the order overruling said motion and from the judgment.

It was shown by the evidence introduced on the trial that plaintiff was at the time of said levy a married man, residing with his family at Anaconda, Deer Lodge County. His family consisted of his wife and seven children. At the time of said levy, and prior thereto, his wife was engaged in the business of conducting a boarding and lodging house at said place, furnish-

ing board to persons varying in number from fifteen to twenty during each month. Plaintiff at the same time was working at his trade as stone-mason for said smelting company. The plaint-iff and his wife and children resided together at said boarding-house, and the wages earned by plaintiff were delivered to his wife, and used by her in the payment of bills contracted in running said boarding-house business. During the trial defendant was permitted, over the objections and exceptions of plaintiff, to ask plaintiff's witnesses concerning the quantity and value of property held in the name of plaintiff's wife, and used in running said boarding-house business, and by said family in common as a home. Defendant was also allowed to introduce in evidence a list of separate property and a declaration of sole trader made by plaintiff's wife, and recorded in the office of the county clerk and recorder of said county. To the introduction of which evidence and documents plaintiff excepted, and assigns the action of the court, in receiving the same in evidence, as error.

We cannot concur with counsel for appellant in the proposition that the court erred in the admission of said evidence, because said property was used as the home of plaintiff and said family in common. The family boarded at the table, supported jointly by the business of keeping boarders and the earnings of plaintiff. This property, then, although the title of it was in the name of the wife, was used at the time and enjoyed by the family for their common benefit. The question at issue pertained to the ways and means by which said family received its support at the time in question, and when it was shown that said property was used in the support of said family at the time in question, the evidence as to the kind, quantity, value, and use of said property became material. It appears from the evidence introduced on behalf of the plaintiff that no division was made in the earnings of the members of said family. The earnings of the wife, through the boarding-house business carried on by her, and the earnings of the husband in his employment, were thrown into a common fund, which was used for the support of the family, the carrying on of said business, and the purchase of property; and the property thus used in common for the benefit of the family seems to have been a material factor in its support during the time in question.

The theory of appellant's counsel appears to be that this case should be considered and determined wholly on the question as to whether or not such an amount as was earned during the period in question would be required for the support of the family, and if only sufficient for that purpose the case ought to be determined in favor of plaintiff, on the ground that it is his duty to support his family. This would leave out of consideration the question as to whether or not the family was in fact supported by the earnings of the husband, or from some other source. The earnings might not be more than sufficient to supply the family at the time if the family had no other source of supply, and in that case the exemption would surely apply. But if all other facts were excluded from consideration, the exemption on that theory would prevail, where the wife had a large estate, and it could be shown that she had actually supported herself and child or children therefrom, and that the husband's earnings were neither required nor used for that purpose, and on that theory the exemption would have to prevail, although it could be shown that the husband had a fund from past earnings or other source more than sufficient to supply all necessaries required for the family at the time in question; for if the amount of earnings at the time and the wants of the family only were considered, it would probably appear in each of such cases that the earnings were not more than sufficient for the family's support, while in fact the case might be that such earnings were neither necessary nor used for the support of the family. Again, in case the judgment debtor's family consisted of one child, for instance, who was wholly supported by some generous relative, in such case, following the theory that we should look only to the amount of the debtor's earnings and the wants of his family, it might be made out that his earnings were not more than sufficient to support his child, and, if that concluded the inquiry, the exemption must prevail, although the earnings were not used for that purpose. In our opinion the court adopted the correct rule, and allowed investigation as to the means through which the family actually received its support during the time in question.

The court gave to the jury the following instruction (No. 4): "In determining the question whether the plaintiff is entitled

to his exemption, you may leave out of consideration altogether the question of fraud in the gift by the plaintiff to his wife of the money with which the property upon which the plaintiff and his family resided in Anaconda was purchased. The question for you to decide is whether that property furnished a support to the plaintiff's family, so that he is freed entirely from the necessity of contributing to its support. Creditors cannot rely upon any question of fraud in dealing with or seeking to reach the property exempt to heads of families under the law."

The giving of said instruction is not complained of by appellant, but it appears that the court modified the instruction as originally drawn by eliminating therefrom the following clause: "And though it appear that the plaintiff gives his wages to his wife for the express purpose of defrauding his creditors, but that the same is necessary for the support of his family, in whole or in part, you should disregard the fraud on his part altogether, and still find your verdict in his favor." Appellant contends that the court committed error in excluding that clause from the instruction before delivering it to the jury. This assignment of error ought to be considered in connection with other instructions given to the jury. Instructions Nos. 3 and 5, as given to the jury, read as follows:—

"3. The word 'necessary,' as used in the statutes exempting the wages of the laboring man, 'when necessary for the support of his family, in whole or in part,' does not mean that his wages must be absolutely indispensable to the bare subsistence of the family, and that the family could not live without them, but is used in a broader and less rigid sense, looking rather to the comfort and well-being of the family, and contemplates the furnishing to it whatever is necessary to its comfort and well-being, as distinguished from luxuries. If, then, you find that the plaintiff's wife, by care and economy, could support herself and her children, providing a bare subsistence, but that, by the use of the wages of the plaintiff, she and her family could have a more comfortable support, without luxury and extravagance, then you are warranted in finding that the plaintiff's wages are necessary for the support of his family, and therefore he is entitled to recover in this action."

"5. If you find from the evidence that in the month of

July, 1890, the defendant collected one hundred and thirty-one dollars of wages of plaintiff's earnings during the thirty days prior to that date, and that the same was partly necessary for the support of his family, either directly or indirectly, you will find a verdict for the plaintiff."

Recurring now to the language struck out of instruction No. 4, on which appellant assigns error, we think that clause was not only unnecessary in view of the other instructions given, but the language of it was incongruous, and not a clear statement of the law. If a man is confronted with two demands for his earnings—(1) to pay the same to his creditors; and (2) to use his earnings for the more pressing and paramount demand of supplying the wants of his family—and he choose the latter, and obey the more sacred and paramount demand, with the sanction of a statute which expressly justifies and guarantees him from interference in carrying out this purpose, we do not think, in such a case, it could be said, in harmony with the conditions which prompted his action, that he may have done this "with the express purpose of defrauding his creditors." Nor do we think it would be in harmony with the existing conditions, in such a case, to say to the jury, "You should disregard the fraud on his part altogether." No such consideration is proper in this connection, because there could be no fraud in such conduct. If it was intended by the language struck out of instruction No. 4 to say to the jury that if the plaintiff delivered his earnings to his wife to be used for the support of his family, and the same were necessary for that purpose, in so doing he could commit no fraud upon his creditors, such instruction would be eminently proper. The court, in instructions Nos. 3, 4, and 5, covered this ground fully, clearly, and fairly, as we believe, without the language which was struck out of No. 4, and which, as expressed in that clause, might have been misleading.

Appellant complains that the court erred in giving to the jury instruction No. 8, which reads as follows: "You are instructed that a debtor cannot voluntarily surrender property to his wife, nor can she voluntarily assume the possession and ownership of it, to the prejudice of his creditors. Such transactions are considered in law fraudulent and void as to the creditors of the

husband.   And if you believe from the evidence that the earnings of the plaintiff in this action were voluntarily used by him in the payment of some of the bills incurred by his wife in carrying on her business, and thereby the receipts from such business were increased, and such earnings were not necessary for the support of the plaintiff's family, then you will find your verdict for the defendant."

The first portion of this instruction, if viewed entirely alone, might be found too narrow a statement of law applicable to the case.   So it would be with many instructions if one clause or one statement should be taken out and considered entirely alone. But the first part is modified and made applicable to the case in question by the language of the latter part of the same instruction.   Instructions are to be considered together, as laying before the jury a statement of the law applicable to the case in question.   This instruction must be considered as one among the whole number, suggesting to the jury, when considered as a whole, the view of the law applicable, and to be considered by them in determining this case.   In that view of these instructions, we find no error in the giving of instruction No. 8.

Lastly, it is contended by appellant that the evidence is insufficient to support the findings of the jury.   This assignment of error is based on the theory heretofore adverted to, i. e., that the only question for consideration is the amount earned and the amount necessary to support the family, excluding inquiry as to other resources for support, or the means by which the family was actually supplied.   While the wants of the family, and the amount necessary for its supply, and the amount of the earnings in question, are without doubt facts of importance to be inquired into in such a case, still, as we have heretofore shown, in our opinion, that is not the end of the inquiry pertinent.   It is shown by the evidence in this case (chiefly by the evidence of the plaintiff and his wife) that the earnings and accumulation of funds through the efforts of the plaintiff, by his labor, and of his wife, by her separate business, were placed together and used together; and it is shown by their testimony that while they resided at Anaconda, during the two and a half years prior to and including the thirty days during which the earnings levied on were earned by plaintiff, in addition

to the support of the family, their property, in which their joint accumulations were invested, was steadily on the increase. Commencing with one thousand dollars invested in said boarding-house and home property, they had paid from their joint earnings an encumbrance of five hundred dollars which existed thereon, and have expended about seven hundred and fifty dollars for furniture put into said house, besides supporting the family. So that, as shown by their testimony, their earnings and investments during said period, over and above the support of the family, amounted to more than twelve hundred dollars, and their property altogether amounted in value to two thousand five hundred dollars. The jury found on the whole case that the wages levied on, amounting to one hundred and thirty-one dollars, were not necessary, at the time they were earned, for the support of the family; and we think there is ample evidence to sustain such finding.

Each case of this character must rest upon its own facts, existing at the time in question. By a slight change in the affairs of this family the earnings of the plaintiff during the next month may have been clearly exempt, notwithstanding one or both members of the family had said property, which was also exempt from execution. But we think in this case the verdict of the jury was fully sustained by the evidence, and in a large degree by the testimony of the plaintiff and his wife.

The judgment and order overruling appellant's motion for new trial will therefore be affirmed.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.