CANNON, ADMINISTRATOR, RESPONDENT, *v.* LEWIS, AP-PELLANT.

[Submitted June 19, 1896. Decided June 29, 1896.]

NEGLIGENCE—*Findings—Conflict in evidence.*—Where the evidence in an action for personal injuries amply sustains the finding of the jury that there was no railing in front of an excavated lot at the point where plaintiff fell into the cellar, the finding will not be disturbed on appeal because of a conflict in the evidence.

SAME—*Contributory negligence—Knowledge of danger by plaintiff.*—Knowledge by the plaintiff of an excavation adjoining a sidewalk, upon which he was walking on a dark night, and into which he fell, and failure to avoid it by walking on the outside of the sidewalk, was not contributory negligence where there was no defect in the sidewalk at that point which made it dangerous to walk thereon.

SAME—*Same.*—The rule that a person approaching a known place of danger must be vigilant to avoid it, must be considered in connection with the further one that a traveler upon a city highway is, as a general rule, justified in assuming it to be safe.

SAME—*Instructions.*—Instructions should be considered together and where the law of contributory negligence is fully laid before the jury in several instructions, error cannot be predicated of a failure to incorporate it as a limitation to one particular instruction complained of.

SAME—*Same.*—An objection that the court assumed certain facts as true in an instruction laying down a rule for the estimate of damages, is not well founded where the instruction was given wholly upon the hypothesis of the evidence showing certain facts before any damages could be awarded.

SAME—*Defendant's knowledge of condition of property.*—That defendant did not know that a part of the rail in front of the excavation had been removed prior to the accident cannot avail him when he was upon the premises at least once a week and passed there every day, and his negligence was therefore a question for the jury.

APPEAL—*Harmless error.*—Error, if any, in sustaining an objection to a question is harmless where the witness had previously answered substantially the same question without objection.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for damages for personal injuries. Defendant's motion for a new trial was denied by McHATTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

Action to recover damages for personal injuries sustained

by plaintiff John O'Donnell (now deceased), by reason of his falling into a cellar belonging to the defendant, and abutting a sidewalk in Butte.

The complaint alleges that at the time of the accident there was no railing, guard, protection, light or signal of any kind, at said cellar, or near where the same abutted on said sidewalk, and that defendant knew this fact.   The answer denied the alleged negligence, and pleaded contributory negligence, by reason of the intoxication and carelessness of the plaintiff. The plaintiff, by replication, denied the new matter in the answer.

The case was tried to a jury, and a verdict of $1,000 damages, and judgment thereon, were rendered for the plaintiff. The defendant moved for a new trial.   This motion was overruled, and from the order overruling said motion, and from the judgment, the defendant appeals.

*C. P. Drennan* and *Lewis Penwell,* for Appellant.

The defendant's motion for a nonsuit should have been sustained.   The plaintiff in his own testimony admitted that he had often passed along the sidewalk near the cellar in question; that he considered it a very dangerous place; that he could easily have avoided it by taking another route, or by exercising ordinary care and attention; that he was not paying any attention to the cellar, although he knew it to be there and considered it dangerous, but deliberately incurred the risk. Such conduct was clearly negligence contributing to the injury. (9 Am. & Eng. Ency. of Law, page 396 and 397, note 1, and cases cited; Elliott on Roads and Streets, 642, 643; Sherman & Redfield on Negligence (4th Ed.) I., page 135, § 90, and page 152, § 96; *Wilson* v. *Charlestown,* 8 Allen 137, 85 Am. Dec. 693; Beach on Contributory Negligence, § 9; *Mount Vernon* v. *Dusonchett,* 2 Ind. 586, 54 Am. Dec. 467; *Whittaker* v. *City of Helena,* 14 Mont. 124; *Hubbard* v. *Concord,* 35 N. H. 52, 69 Am. Dec. 520.)   There was no evidence of any knowledge of, or notice to defendant, of the removal of the barrier guarding the excavation.   Such knowledge of de-

fendant, or notice to him, was necessary to render him liable. (*Daniels* v. *Potter*, 4 Car. & P. 262; *Doherty* v. *Inhabitants of Waltham*, 4 Gray, 596; *Aylesworth* v. *C. R. I. & P. R. R. Co.*, 30 Iowa 459; *Klatt* v. *City of Milwaukee*, 53 Wis. 196, 40 Am. Rep. 759.)

HUNT, J.—The evidence of the plaintiff tended to show the following condition of affairs :   John O'Donnell, the plaintiff, a man of 60 years of age, lived a very short distance from an excavated cellar belonging to the defendant, Lewis.   Lewis had excavated the cellar and built the foundation of a building on a lot near the plaintiff's house.  The front of the cellar was a little lower than the sidewalk.   The sidewalk was about 12 feet wide, and appears to have been in good order, and in daily use.   About 1 o'clock on the morning of the 29th of August, 1892, the plaintiff was returning to his home   It was very dark in the vicinity of the lot where the excavation was. ' The plaintiff, while walking along on the side of the walk next to the excavation, stumbled, and fell head foremost into the cellar.   The plaintiff's evidence further tends to show that there was nothing at all along that portion of the lot where plaintiff fell in the nature of a fence or guard to protect him against falling, although there may have been a rail about two feet high along another and lower portion of the lot.   Plaintiff himself says that when he stumbled there was no rail to prevent his falling into the cellar.  He fell a distance of about twelve feet, and broke his thigh.   He was in bed for six or eight weeks, and at the time of the trial wore a thick shoe, the injured leg being shorter than the other.   The injury was permanent, and interfered with the capacity of the plaintiff to perform manual labor.   Plaintiff admitted that he knew the excavation was there and was dangerous, but had paid no particular attention to the place.   According to the testimony of several of plaintiff's witnesses, there had not been any railing at all in front of the place where plaintiff fell for several weeks before the accident; one witness saying that, between July 24th and the time of the accident, there was no fence in front of the excavation.

The testimony of the defendant was to the effect that there was a fence all along the front of the excavated lot; that this fence was about two feet above the line of the sidewalk, and was secure and in position upon the night of the accident. The defendant himself said that he saw the fence about a week before the accident, and that it was then up, but he did not notice if it was up just before the accident. He also said that after the accident he found one of the boards broken in two, one part hanging to the window frame to which it was nailed on top; that he passed the property every day; and that he put the fence up originally, believing that the excavation was a dangerous place. The fence consisted of inch boards nailed upon the window frames which extended from the cellar wall up above the sidewalk. The north board was about twelve feet long and an inch thick. This was the one which defendant says he found broken the morning after the accident.

From the foregoing brief statement of the testimony, it will be seen that there was a direct conflict upon the question whether or not there was any railing in front of the excavated lot at the point where the plaintiff fell into the cellar. This question of fact was fairly submitted to the jury, and their finding to the effect that there was no railing is amply sustained by the evidence, and will not be disturbed by the court.

The argument of the appellant is that the district court ought to have nonsuited plaintiff because it appeared in the evidence that the plaintiff knew of the excavation, and could have avoided it by taking another route, by walking on the outside of the sidewalk, and that, therefore, he was negligent, and contributed to his own injury. If this were a case where walking upon the sidewalk in front of the excavation had been accompanied with any danger to the plaintiff, by reason of any defect in the sidewalk, and the plaintiff knew of such defect, yet deliberately incurred the risk and was hurt, then the argument of contributory negligence might be reasonable. But under the facts at bar there was nothing the matter with the sidewalk, and the plaintiff had a lawful right to deliberately

walk upon it.   Ordinarily he was incurring no risk of falling in the cellar in doing so, and, if he had not stumbled, probably he would not have been hurt.   It can be said, therefore, that primarily it was the accident of stumbling in the darkness which forced plaintiff towards the excavation; but it was none the less the failure of the defendant to have erected a fence or railing in front of the excavation which caused him to fall into the cellar, and this led to the injury to the plaintiff.   The case is therefore brought within the general doctrine sustained in *Lundeen* v. *Electric Light Co.*, 17 Mont. 32—that the circumstance that the injury was partly the result of a defect in the construction, and partly resulted from an accident unconnected with such faulty construction, and without any fault on plaintiff's part, and while he was in the exercise of ordinary care, would not prevent a recovery.   (Angell & D. on Highways, § 295; *Bassett* v. *City of St. Joseph*, 53 Mo. 290; *Manderschid* v. *City of Dubuque*, 25 Iowa 108; *City of Lacon* v. *Page*, 48 Ill. 499; *City of Joliet* v. *Verley*, 35 Ill. 58.)

The circumstances created a duty on the defendant to fence, or otherwise guard, the cellar for the protection of persons situated as O'Donnell was,—pedestrians walking, without negligence on their part, along public sidewalks of the city. (Sherman & Redfield on Negligence, § 715; Beach on Contributory Negligence, § 253.)

We recognize the rule that, when a person approaches a known and visible place of danger, he must be vigilant to apprehend and avoid the danger; but this rule must be considered with the further one that a man traveling upon a city highway is, as a general rule, justified in assuming it to be safe.   (*McGuire* v. *Spence*, 91 N. Y. 303.)

This same argument of familiarity with the street, and knowledge of the excavation, was advanced in *Weed* v. *Village of Ballston*, 76 N. Y. 329.   In that case an excavation was made in a street; the excavation was not properly guarded. Plaintiff, one dark night, drove into the excavation, and was injured.   Upon the defense of contributory negligence, because of the knowledge of the existence of the excavation, the

court said :   "But we think the question of plaintiff's negligence was one of fact, and that the finding of the referee thereon cannot be disturbed.   In general, a person traveling upon a highway is justified in assuming that it is safe.   The plaintiff, although he had known of the excavation, might not remember its exact location, or the fact might have been forgotten.   *   *   *   The plaintiff was driving on a slow trot, and the fact that he did not keep in the middle of the street was not negligence, if at the time he was not conscious of the impending danger.

In *Bond* v. *Smith*, 44 Hun. 219, the plaintiff's intestate was killed by falling into an area between the rear wall of the defendant's premises and an alley in the city of Buffalo.   The defendant moved for a nonsuit, because the plaintiff did not show that her intestate was free from contributory negligence. It appeared in that case that the deceased was familiar with the area in the rear of the defendant's building.   The court held that "a person traveling upon a highway is, as a general rule, justified in assuming that it is safe, and where he is injured in consequence of a defect therein, the fact that he had previous knowledge of the existence of the defect does not *per se* establish negligence on his part."   The court further say that he could recover even if he knew of the area in the alley.   "Its precise location may not have been easily discernable in the darkness, and, although exercising ordinary caution, his foot may have hit against the wall surrounding the area upon the line of the alley, causing him to stumble and fall."

We therefore think that the question of contributory negligence in this respect was one of fact, for the jury to pass upon under proper instructions, and that their finding is sustained by the evidence in the case.

Error is assigned because the court gave a general instruction to the effect that the owner of property adjoining a highway is bound to use his property so as to do no harm to persons lawfully traveling upon the highway, and if he digs a pit near a sidewalk, so that one, in passing along, falls in, and

is thereby injured, he is liable for damages to the person injured, provided said pit or cellar was not properly guarded; and such pit-falls or cellars, if contiguous to the public street, are nuisances of which the owner of the land is liable.   The objection urged to this instruction is that it eliminated the element of contributory negligence.   But the jury were clearly charged, by other instructions, that, if they found from the evidence that the accident was attributable to the want of ordinary care on the part of the plaintiff, he could not recover in the suit, and that any negligence on the part of the plaintiff which directly contributed to the injury would defeat a recovery.   They were also told that the first inquiry to be made by them was whether plaintiff was guilty of any negligence, or want of ordinary care or prudence, on the occasion of the accident, and if he was guilty of negligence he could not recover, and they need not go any further in their investigations.   The instructions should be considered together.   All of the qualifications could not well be incorporated in one instruction, and where the law of contributory negligence was fully laid before the jury, as it was, they could not have been misled by the omission to incorporate it as a limitation to the particular instruction complained of by the appellant.   See *Hamilton* v. *Railroad Co.*, 17 Mont. 334, and *Johnson* v. *Mining Co.*, 16 Mont. 164.

The appellant also complains of an instruction which laid down a rule for the estimate of damages which plaintiff might recover, if entitled to recover at all.   Appellant urges that the court assumed certain facts as true, in the charge.   This objection is not well founded, for the instruction begins by telling the jury that if they believe *from the evidence* that the plaintiff was injured in the manner and form alleged in the complaint, and through the carelessness and negligence of the defendant, without contributory negligence on his part, then they should estimate the damages to which they thought he was entitled, etc.   The whole instruction was predicated upon the hypothesis of the evidence showing certain facts, before any damages could be awarded.

An instruction quite like the one given in this case was discussed in *Hamilton* v. *Railroad Co.*, *supra*, where it was held that such a charge was unobjectionable, because the jury were advised to take into consideration all the testimony as to the nature of the injury, if any, etc. ·

Appellant also argues that he did not have any knowledge of the fact that a part of the rail in front of the excavation was removed prior to the time of the accident. This cannot avail the defendant, because he admits by his testimony that he was upon the premises at least once a week, and passed there every day. Whether he was negligent, therefore, was for the jury to pass upon.

The next error relied upon goes to the objection made by the plaintiff to the following question asked by the defendant's counsel : "Couldn't you have walked on the outside of the walk, so as to avoid this ?" The witness answered this question by saying that "he could have walked on the outside, of course." Plaintiff's counsel objected to the question after the response was made, saying that "a pedestrian does not have to walk on the outside." The court sustained the objection, and defendant excepted. If we concede that the court erred, the ruling was not prejudicial to the appellant, because, previous to the objection to this question, and on cross-examination, plaintiff, without objection, had answered substantially the same question, by saying that he did not know why he did not walk on the outside of the sidewalk; that he was walking along, and did not suppose he would fall into the cellar. No motion was made to strike this testimony out. (*Ruff* v. *Rader*, 2 Mont. 211.)

The defense of contributory negligence, on the ground of plaintiff's intoxication, was submitted to the jury, and disregarded by their verdict.

Upon the whole case, we find no error. Judgment affirmed.

*Affirmed.*

De Witt, J., concurs. Pemberton, C. J., not sitting.