## HARRINGTON, APPELLANT, *v.* BUTTE, ANACONDA AND PACIFIC RY. CO., RESPONDENT.

(No. 2,485.)

(Submitted February 4, 1908.  Decided February 10, 1908.)

[93 Pac. 640.]

*Personal Injuries—Appeal—New Trial—Instructions—Review —Verdict—Arrived at by Chance—District Courts.*

New Trial—When Order Granting Affirmed.
1.   If a party was entitled to .a new trial upon any one of a number of grounds urged by him on motion for a new trial, the order granting it will be affirmed, though based upon a ground devoid of merit.

Instructions—Review.
2.   In reviewing a charge to the jury the supreme court will examine it as a whole, and if then the instructions fully and fairly submit the case, the judgment will not be reversed on the ground that some of them, standing alone, are inaccurate or even prejudicially erroneous, if these latter are qualified and explained by other portions of the charge *in pari materia.*

Personal Injuries—Verdict—Chance—Duty of District Court.
3.   In an action for damages for personal injuries, the jury returned a verdict for $18,750.  Upon polling of the jury the court inquired if the verdict had been reached by chance.  Several of the jurors' answer was in the affirmative.  The court thereupon directed them to again retire and find a verdict by "deliberation and reasoning thereon," excluding the element of chance.  A verdict for $20,000 was then returned shortly afterward.  *Held,* that the action of the court was unauthorized; that the verdict first returned should have been received, and that it could only be set aside upon application of the party aggrieved, under section 1171 of the Code of Civil Procedure, providing for a new trial on the ground that the jury had resorted to chance in arriving at their verdict.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Bernard Harrington, through Jeremiah P. Harrington, his guardian *ad litem,* against the Butte, Anaconda and Pacific Railway Company.  From an order granting defendant a new trial, plaintiff appeals.  Affirmed.

*Mr. John J. McHatton, Mr. Peter Breen,* and *Mr. Jesse B. Roote,* for Appellant.

The court, in the exercise of its inherent power, performed its simple duty by refusing to accept a chance verdict, and re-

quiring the jury to agree upon a verdict. · The statute, section 1090 of Code of Civil Procedure, provides for the supervision of the court over the verdict. (See, also, *People* v. *Jenkins,* 56 Cal. 4; *People* v. *Dick,* 34 Cal. 663; *People* v. *Perry,* 65 Cal. 568, 4 Pac. 572.) In a case where two defendants were sued for joint tort, and the jury returned a verdict against one of them, it was held that it was no verdict. (*Rankin* v. *Central Pac. R. Co.,* 73 Cal. 93, 15 Pac. 57.) The Court has the authority to direct the jury to return a proper verdict. (*Johnson* v. *Rider,* 84 Iowa, 50, 50 N. W. 36; *Nickelson* v. *Smith,* 15 Or. 200, 14 Pac. 40; *Warner* v. *New York Cent. Ry. Co.,* 52 N. Y. 437, 11 Am. Rep. 724; *Dalrymple* v. *Williams,* 63 N. Y. 361, 20 Am. Rep. 544; *Bishop* v. *Mugler,* 33 Kan. 145, 5 Pac. 756; *Loudy* v. *Clark,* 45 Minn. 477, 48 N. W. 25; *Crane Lum. Co.* v. *Auto Creek Lum. Co.,* 79 Mich. 307, 44 N. W. 788; *Sutliff* v. *Gilbert,* 8 Ohio, 405; *Smith* v. *First Nat. Bank,* 45 Neb. 444, 63 N. W. 796; *Smith* v. *Lynch,* 7 Colo. 383, 43 Pac. 670; *Hatch* v. *Atrell,* 118 N. Y. 383, 23 N. E. 549; *Rogan* v. *Mullins,* 47 N. Y. Supp. 920, 22 App. Div. 117; *Newell* v. *Wilgus* (Pa.), 11 Atl. 365; *Browning* v. *Dean,* 123 Mass. 254; *Mason* v. *Massa,* 122 Mass. 477.)

*Messrs. Forbis & Evans,* and *Mr. D. Gay Stivers,* for Respondent.

We contend that after a verdict had been reached and returned by the jury into court, no legitimate inquiry could be made as to it, except in the manner prescribed by statute; that the verdict so returned became the verdict of the jury and that the court could do nothing but accept it; that it was beyond the power of the court to reject it, or inquire as to it, except as the law directs; that the subsequent verdict of the jury is ineffectual and certainly so as against a direct attack, and that it must be set aside and a new trial directed. (*Ray* v. *Goings,* 112 Ill. 656; *Bassham* v. *State,* 38 Tex. 622; *McConnell* v. *Linton,* 4 Watts (Pa.), 357; *Clough* v. *State,* 7 Neb. 323, 342.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff, an infant, brought this action by his guardian *ad litem* to recover damages for a personal injury alleged to have been occasioned by the negligence of the defendant through its servants and employees, in running its cars at a point upon its line of road where it crosses a highway called "North Wyoming Street," immediately north of the city of Butte.

The defendant is the owner of a line of road running from Anaconda to Butte, with the usual necessary sidetracks, switches, spurs, etc. At the point where the accident occurred there are two tracks on a grade ascending from the east to the west. It seems that in switching cars from the north to the south track, they are pushed up the grade toward the west over the north track, and, being uncoupled from the engine, which then moves away toward the east, are allowed to drift back by their own weight over upon the south track, one or more brakemen being in charge to check the momentum. Wyoming street is used extensively by the people living in the vicinity of the crossing.

On July 5, 1906, the day of the accident, a number of people, among whom were several children, including the plaintiff, had gathered near the crossing, being drawn together by the peculiar appearance and behavior of a man who was singing and acting as if intoxicated. It is alleged that by reason of the negligence of the defendant in failing to have a watchman at the crossing to warn passengers over the highway or persons present of the danger, and the reckless and careless management of defendant's employees in the switching of cars, the plaintiff was knocked down and run over by one of defendant's cars, whereby he suffered the loss of his left arm and other injuries, thus being permanently disabled and disfigured in his person.

The issue made by the pleadings and submitted to the jury was whether the injury was the result of negligence of defendant's employees, or of the act of plaintiff himself by suddenly coming upon the track in front of the moving car, and thus

rendering it impossible for defendant's employees to avoid the injury. The trial resulted in a verdict for the plaintiff for $20,000, and judgment was entered accordingly. The defendant moved for a new trial on several of the statutory grounds, including alleged errors in the instructions and irregularity in the proceedings of the court, by which the defendant was prevented from having a fair trial. The motion was sustained, on the ground of error in one of the instructions which the court deemed prejudicial; the presiding judge stating in the order that ''other errors, if such, could be avoided at the new trial.'' The plaintiff has appealed.

While it is contended by counsel for the appellant that there is no error in any of the instructions, it is conceded that, though the court was mistaken in granting the order on the ground it did, yet if the order should have been granted upon any of the grounds urged, it should be affirmed. The concession is properly made, because, if the defendant was entitled to a new trial upon any of the grounds urged, the order was properly made, though it was based upon a ground that was devoid of merit.

We shall not comment upon the particular instructions of which complaint is made, further than to say that, while some of them are open to criticism, in that they are inaccurate and somewhat vague in expression, yet, when read in connection with others on the same subject, the complaint made of them appears to be without substantial merit. It is a familiar rule that, in reviewing a charge of a trial court, it will be examined as a whole. While one or more paragraphs, standing alone, may be inaccurate or even prejudicially erroneous, yet, if these are qualified and explained by the other portions of the charge *in pari materia,* and, taken together with them and the rest of the charge, fully and fairly submit the case to the jury, the verdict and judgment should be sustained. (*Upton* v. *Larkin,* 7 Mont. 449, 17 Pac. 728; *Cushing* v. *Quigley,* 11 Mont. 577, 29 Pac. 337; *Cannon* v. *Lewis,* 18 Mont. 402, 45 Pac. 572; *State* v. *Fuller,* 34 Mont. 12, 85 Pac. 369, 8 L. R. A., n. s., 762.) While, as stated, some paragraphs of the instructions are not

sufficiently explicit and comprehensive, we do not think any error therein sufficient to warrant the granting of a new trial.

We are nevertheless of the opinion that a new trial should have been granted on the ground of irregularity in the proceedings of the court. When the jury came in with their verdict, the following proceedings were had: The foreman handed a written verdict to the judge, who, having examined it, handed it to the clerk. The clerk then marked it filed, signing his name to the filing mark. He thereupon read it aloud to the court and jury, as follows: "We, the jury in the above-entitled action, find our verdict in favor of the plaintiff, and against the defendant, for the sum of $18,750. Michael Hennigan, Foreman." Inquiry was made of the jury whether this was their verdict. The inquiry was answered in the affirmative by the foreman. The jury being polled, each juror answered that the verdict was his. Immediately thereafter the court inquired of the jury by what method they had reached the verdict, stating that a quotient, or chance, verdict was void, and defining what is meant by the expressions "quotient" and "chance." Several of the jurors stated that they had arrived at the amount of damages found by having each one write down the amount he thought plaintiff entitled to and dividing the sum by 12. Thereupon the court directed the jury to retire and find a verdict by "deliberation and reasoning thereon," and, if they found for plaintiff, to find as their best judgment dictated upon the evidence and instructions, excluding the element of chance. The clerk then handed to the foreman the verdict already announced, whereupon the jury retired to their room. Presently the jury again returned into court, presenting to the court the same written verdict, except that the amount, $18,750, had been erased and $20,000 written in place of it. Thereupon the jury were discharged. At none of these proceedings were the parties or their counsel present.

We are of the opinion that the action of the court was wholly unauthorized, in that it was in total disregard of the provisions of the statute applicable. Section 1090 of the Code of Civil

Procedure declares: ''When the verdict is announced, if it is informal or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.'' After the verdict has been announced, it has passed from the control of the jury, except for the purposes declared by the statute. The purposes for which it may be retained are clearly stated. If it is informal, it may be corrected under the advice of the court; or, if it does not cover all the issues, it may be corrected in like manner, and for either purpose the jury may again be sent out. Except in these respects it cannot be altered or amended in any particular. The section of the statute quoted is the law upon the subject in this state (Pol. Code, sec. 4), and, though it must be liberally construed with a view to effectuate its objects and to promote justice, the court cannot go beyond its plain provisions. In the absence of such statute, we doubt not that it would be the duty of the court to do exactly what the statute permits, this course being required in order to obviate the necessity of another trial and the attendant expense and inconvenience. The doing of these acts in no wise interferes with the substantial rights of the parties. But the plain purpose of the provision is to prevent the receipt of informal or insufficient verdicts. It does not extend to matters going to the substance that do not appear upon their face. If the verdict covers the issue, and is complete on its face, the court must receive it, for it is the utterance of the jury to which the parties are of right entitled, without interference by the court. In the cases enumerated in section 1171 of the Code of Civil Procedure, upon application by the party aggrieved, a verdict may be set aside, but not otherwise. These provisions are explicit, and limit the power of the court to correct the decision or verdict in matters of substance, and the power must be invoked in the manner and within the time prescribed in sections 1172 and 1173. (*Ogle* v. *Potter*, 24 Mont. 501, 62 Pac. 920.) Any other rule would render the right of trial by jury nugatory, because, if inquiry could be made into the method pursued by the jury in one case, it

could with equal propriety be resorted to in all other cases. The consequence would be that a verdict would be the result of the judgment, not of twelve men, but of thirteen, the last being always the controlling factor.

In *Morris* v. *Burke,* 15 Mont. 214, 38 Pac. 1065, the identical question involved here was considered by this court. The trial court had submitted instructions under which, if the jury found for the plaintiff, the verdict should have been for a certain sum. The jury having returned a verdict for a less sum, the trial judge concluded that it was incumbent upon him to require a verdict to be returned according to the instructions, and in effect directed the jury to retire again and so find. The provisions of the Code then in force (Comp. Stats. 1887, Div. 1, secs. 271, 296-298) were substantially the same as sections 1090, 1171, 1172, and 1173, cited above. This court said: "The fact is that the court refused to receive the verdict, not because it was insufficient or informal, but the real ground of the refusal was the insufficiency of evidence to justify the verdict, and that it was against the law. But this is a ground for a motion for a new trial. (Code Civ. Proc., sec. 296, subd. 6.) A motion for a new trial is a matter of some formality. A statement is prepared and carefully stated, and the case is usually heard by the court, with both sides represented by counsel, and, if either party is dissatisfied, an appeal is taken to the supreme court upon the record so made. But the court in the case at bar, in refusing to receive the verdict, acted upon precisely the same ground which is one of the principal reasons for granting a motion for a new trial. It is our opinion that a question of so serious an import as setting aside a verdict because the evidence was insufficient to sustain it, or that it was against the law, the Code intended should be carefully heard and deliberately determined by the district court on a motion for a new trial, and not by the simple act of refusing to receive a verdict. In this view the provisions of section 271 of the Code of Civil Procedure still have a meaning, and, it appears to us, a very clear one. The idea is this: That, lest a party

should be unreasonably put to the labor of making a motion for a new trial by reason of a clerical error or informality having occurred in the verdict, or because the jury inadvertently omitted to find upon an issue presented, then, as a remedy against such accidents, we have the provisions of section 271, allowing such informalities to be corrected before they had gone too far." That case is conclusive upon the point involved here.

That a jury has resorted to chance in order to reach a verdict is one of the grounds of motion for a new trial enumerated in section 1171. Under the provisions of sections 1172 and 1173, the fact that chance has intervened in their deliberations must be made to appear to the court, on motion for a new trial, by affidavit, and in this particular case the verdict may be impeached by the affidavits of jurors themselves. On motions for new trials, it is frequently the case that there is a conflict in the evidence presented by the affidavits. This court will not interfere in such case with the action of the trial court upon the motion, unless there is a clear abuse of discretion. The action of the court in this instance amounted to a summary granting of a new trial on its own motion upon the unsworn statements made by some of the jurors. Doubtless, if the matter had come up regularly on motion for a new trial, there would have been dissenting jurors who would have contradicted the statements of those who had admitted that chance had entered into their deliberations. Hence, it is apparent that, if the course pursued by the trial court were permissible, it would lead to untold abuses, and allow the trial court to set aside, in its own discretion, all the provisions of statute touching motions for new trials. The order is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.