ROHAN, Respondent, v. SHERMAN & REED et al., Appellants.

(No. 4,536.)

(Submitted November 2, 1921.  Decided December 7, 1921.)

[202 Pac. 749.]

*Automobiles—Master and Servant—Negligence of Servant— Liability of Master—Statutes—Instructions.*

Automobiles—Master and Servant—Negligence of Driver—Liability of Master—Instruction.
1.  In an action for damages to plaintiff's automobile in a collision with defendant company's taxicab, an instruction based on the admission that its driver's acts were within the scope of his employment, that the company was liable for his negligent acts, *held* not erroneous as assuming negligence on the part of the driver, especially where in other instructions the extent of defendant's responsibility was made clear.
Trial—Instructions—Ambiguity in Particular Instruction—When not Reversible Error.
2.  Where the charge to the jury as a whole leaves no doubt as to the correct principles of law applicable, ambiguity in a particular instruction given is not ground for reversal.
Automobiles—Owner Liable for Damage Done by Employee—Statute.
3.  Under section 5, sub-chapter 8, of Chapter 141, Laws of 1915, the owner of a vehicle employed for the conveyance of passengers is liable for all damage done by a driver in his employ to person or property while acting within the scope of his employment.

*Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

Action by Frank Rohan against Sherman & Reed, a corporation, and another.  Judgment for the plaintiff, and defendants appeal from the judgment and from the order denying their motion for a new trial.  Affirmed.

*Messrs. Maury & Melzner* and *Messrs. Napton & Shone,* for Appellant, submitted a brief; *Mr. A. G. Shone* argued the cause orally.

The latter part of instruction No. 5 directs the jury to find for the plaintiff as to negligence of the defendant, a corporation.  It deems that the defendant Earle Hutchinson had

been guilty of some negligent act and that the jury should hold the corporation liable for this act. The instruction is not complete, for the reason that the corporation is not liable for acts done willfully or negligently or otherwise by the defendant Earle Hutchinson, unless done in the course of his employment and within its scope. (*Jackson* v. *St. Louis etc. R. Co.,* 87 Mo. 422, 56 Am. Rep. 460; *Thorburn* v. *Smith,* 10 Wash. 479, 39 Pac. 124; *Illinois Cent. R. Co.* v. *Downey,* 18 Ill. 259; *Rounds* v. *Delaware etc. R. Co.,* 64 N. Y. 129, 21 Am. Rep. 597; *Evansville etc. R. Co.* v. *Baum,* 26 Ind. 70.)

*Mr. T. J. Davis, Mr. Leslie B. Sulgrove* and *Mr. Earle N. Genzberger,* for Respondent, submitted a brief; *Mr. Davis* argued the cause orally.

The question whether or not the acts complained of were without the scope of Hutchinson's employment was not raised at the trial and was not put in controversy by the pleadings nor by the testimony, "and error cannot be predicated upon the refusal of the court to give an instruction which is not material to the issues or evidence." (*Lindsay* v. *Kroeger,* 37 Mont. 231, 95 Pac. 839; *Marron* v. *Great Northern Ry. Co.,* 46 Mont. 593, 129 Pac. 1055; *Fitzgerald* v. *Clark,* 17 Mont. 100, 52 Am. St. Rep. 665, 30 L. R. A. 803, 42 Pac. 273.) Instruction No. 5 was drawn upon the theory that it was admitted that the acts were within the scope and course of Hutchinson's employment, and was therefore proper. (*Hogan* v. *Shuart,* 11 Mont. 498, 28 Pac. 969.) If incomplete, it was appellant's duty to offer the instruction they desired. (*Hollenback* v. *Stone & Webster Eng. Corp.,* 46 Mont. 559, 129 Pac. 1058.)

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that the defendant Sherman & Reed, a Montana corporation, is engaged in the taxicab business in the city of Butte, and that the defendant Earle Hutchinson was in the employ of the defendant corporation as a chauffeur or driver of one of its taxicabs. On December 24, 1916, the

plaintiff was the owner of a certain automobile, and was carefully and lawfully driving it, in the conduct of his business as a taxicab driver for the carriage of passengers for hire, on Harrison Avenue, in the city of Butte, and while then and there attempting to pass a motor vehicle belonging to the defendant corporation, operated by the defendant Hutchinson within the scope of his employment, the defendant corporation's taxicab was carelessly, recklessly and negligently backed, without warning, at a fast rate of speed, and collided with plaintiff's car, causing damage thereto. Plaintiff by his complaint sought to recover $400 as damages to his automobile, and a like amount by reason of loss of earnings. On motion, damages alleged in consequence of loss of profits was stricken from plaintiff's complaint. Issue being joined, trial was had before the court sitting with a jury, and upon verdict of the jury judgment was entered against the defendants for the sum of $400. The appeal is from the judgment and order denying the defendant's motion for a new trial.

The only error assigned is the giving to the jury of plain-
[1]  tiff's offered instruction numbered 5, as follows: "You are instructed that the defendants admit in their answer that Earle Hutchinson was in the employ of the defendant company, as set forth in the plaintiff's complaint, and you are further instructed that the defendants admit that the defendant company is the owner of many motor vehicles, and therewith engaged in carrying passengers for hire.

"You are further instructed that Sherman & Reed, a corporation, is liable for any negligent acts or omissions of the said Earle Hutchinson, causing damage to person or property done by the said Earle Hutchinson in his employment as a driver, while driving a motor vehicle, whether done willfully or negligently or otherwise in the same manner as said driver would be liable."

It is argued that this instruction is erroneous, as it directs the jury to find for the plaintiff as respects the negligence of the defendant corporation, assuming its employee guilty of

negligence. This contention is without merit. It does not, as contended, assume negligence on the part of the servant. The language used is that the defendant corporation "is liable for any negligent acts or omissions" of its servants, causing damage to plaintiff. If there were no negligent acts or omissions causing damages to plaintiff proved, then of course, the defendant corporation would not be held responsible the same as the driver or otherwise. This instruction is unobjectionable, and more particularly so since the instructions, given as a whole, left no possible ambiguity in its application.

If any ambiguity may be said to exist in consequence of the language used in this instruction, the correct principle of law applicable to the defendant corporation's responsibility was made clear by other instructions given.

In instruction 1D, the jury was told: "Negligence is the failure to do what a man of ordinary care and prudence would do in the same circumstances, or the doing of something that a man of ordinary care and prudence would not do under the same circumstances. *If there was no negligence on the part of Sherman & Reed's driver, Earle Hutchinson, then you must find your verdict in favor of Sherman & Reed.*"

And by instruction 2D, it was admonished: "The court instructs you that the burden of proof in this case is on the plaintiff, Frank Rohan; that is to say, he must prove his case by a preponderance of the evidence, and he *must in particular prove by a preponderance of the testimony that in some respect set forth in the complaint the driver, Earle Hutchinson, was negligent.* If the evidence is evenly balanced on this phase of the case you must find your verdict in favor of Sherman & Reed, and, of course, if the evidence preponderates in favor of Sherman & Reed on this phase of the case, you must find your verdict in their favor."

These instructions were given at defendant's request, without objection, and fully covered the subject of defendant's negligence, and the acts of the servant rendering the master liable.

[61 Mont. 519.]

Where the charge to the jury, as a whole, leaves no doubt [2] as to the correct principles of law applicable to the case, ambiguity of a particular instruction given is not ground for reversal. (*Upton* v. *Larkin,* 7 Mont. 449, 17 Pac. 448; *Cushing* v. *Quigley,* 11 Mont. 577, 29 Pac. 337; *Fitschen* v. *Thomas,* 9 Mont. 52, 22 Pac. 450; *Cannon* v. *Lewis,* 18 Mont. 402, 45 Pac. 572; *Mulligan* v. *Montana U. Ry. Co.,* 19 Mont. 135, 47 Pac. 795; *Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890; *Harrington* v. *Butte, A. & P. Ry. Co.,* 36 Mont. 478, 93 Pac. 640.)

The instruction complained of was drawn upon the theory that defendant's admission that Hutchinson's acts were within the scope of his employment made it proper. (*Hogan* v. *Shuart,* 11 Mont. 498, 28 Pac. 969.)   The language of the [3] statute is its basis, as follows: ''The owner of every vehicle running or traveling upon any highway or road for the conveyance of passengers, is liable for all damage to person or property done by any person in his employment as a driver while driving such vehicle, whether done willfully or negligently, or otherwise, in the same manner as such driver would be liable.'' (Section 5, Subchap. 8, Chap. 141, Laws 1915.)   This statute fixes the liability of the owners of vehicles operated for the conveyance of passengers and was not considered by this court in application of the general doctrine of *respondeat superior* in the case of *Hoffman* v. *Roehl, ante,* p. 290, 203 Pac. 349.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.