BARANKO, Respondent, *v.* GRENZ, Appellant.
No. 9145.
Submitted March 23, 1953. Decided May 7, 1953.
256 Pac. (2d) 1074.

Mr. Hugh J. Lemire, Miles City, for appellant.

Messrs. Farr, Colgrove & Farr, Miles City, for respondent.

Mr. Lemire and Mr. Colgrove argued orally.

MR. JUSTICE ANDERSON:

Defendant, Chris Grenz, is the owner of the 600 Bar in Miles City, Montana. Plaintiff, William Baranko, installed cafe fixtures and paraphernalia in the 600 Bar and operated, for a time, a cafe known as the 600 Cafe. Plaintiff met with failure in the operation of the 600 Cafe and in January 1948 abandoned his connection with its operation, and according to the record it has since been run by the defendant.

Plaintiff brought this action to recover $2,800 with interest, claiming that defendant, at the time plaintiff turned the cafe over to him, agreed to pay that amount as the balance due for the fixtures and equipment in the restaurant. Four thousand dollars was the amount plaintiff said was agreed upon; $1,200 of this amount was already paid over to plaintiff's wife who had given some money toward the original installation.

Defendant claims that on or about November 7, 1947, he deposited $2,300 in plaintiff's account and that this amount represented payment to plaintiff for the value of the fixtures. Defendant further claims that on January 7, 1948, he deposited $1,500 to plaintiff's account; that of this amount $260 was for the inventory value of merchandise and $1,240 was a loan to plaintiff for which the defendant counter-claimed.

Plaintiff replied that the $2,300 represented fifty percent of the loss sustained in the operation of the cafe up to the time of payment and that the amount was paid over to plaintiff in consideration that he stay on and continue to operate the cafe. Plaintiff admits that $260 of the $1,500, deposited to his credit, was in payment of the inventory value of merchandise but that

the balance of $1,240 represented the defendant's additional share of losses in operating the cafe.

The jury, after deliberation, returned a verdict of $2,800 in favor of plaintiff and a verdict for $1,240 in favor of the defendant. The court then instructed the jury that there could not be two verdicts and sent the jury back for further deliberations. Thereafter the jury returned a verdict for $1,560 for the plaintiff and against the defendant.

The testimony of the witnesses, offered by each party, respectively supports his version. Defendant argues that the evidence does not justify the verdict and that plaintiff should have had judgment for the entire $2,800 for the equipment and fixtures or nothing at all. Claim for this argument, among others, is based upon the improbability that the defendant would loan plaintiff $1,240 (as defendant said he did) at a time when he allegedly owed plaintiff $2,800. It appears that it is just as improbable that defendant would lend plaintiff anything when he must have known a dispute had arisen.

By its verdict the jury found that plaintiff had $2,800 owing to him for equipment and fixtures. There is substantial evidence supporting this conclusion. It would seem then that the jury disbelieved or disallowed the plaintiff's contention that the $1,240 was paid, in addition to $2,300 already paid, for one-half of the losses which were to be assumed by the defendant, and thus either believed the defendant's contention that the $1,240 was a loan to the plaintiff or that plaintiff was overpaid for the losses he alleged were suffered by him.

Whether or not the defendant entered into a contract so as ▪ to permit recovery upon such contract was for the jury. Barnard-Curtiss Co. v. Maehl, 9 Cir., 117 F. (2d) 7.

Where the evidence in contract actions is conflicting and ▪ admits of more than one inference, the question raised is one of fact for the jury to determine. 17 C. J. S., Contracts, sec. 610, p. 1269.

It is readily seen that the jury was properly within its preroga-

■ tive in finding as it did. There was sufficient evidence to submit to the jury and its verdict will not be disturbed on appeal.

Defendant raises an objection to the effect that the Statute of Frauds provides that a contract shall be in writing if it is to run for more than a year. The issues that are involved here are whether or not defendant agreed to pay plaintiff for his capital investment at the time plaintiff turned those fixtures and equipment over to the defendant. In order to establish a basis for some of the issues involved it was necessary to show circumstances having to do with the early oral contract, but a claim that such proof would bring the issues within the original contract and therefore cause plaintiff to bring his suit upon it is without merit.

Defendant further says that he was taken by accident and surprise because of an item appearing in the Miles City Star during the trial of the instant case. Defendant claims a new trial should have been granted. Apparently the defendant, at a time previous to the trial of this case, when he encountered plaintiff, assaulted the plaintiff for which he paid a $500 fine after pleading guilty to a criminal charge. A newspaper story to this effect appeared in the local newspaper and defendant claims that the story was read by or it can be reasonably assumed that it was read by the jurors, all of which would be prejudicial to defendant. During the course of the trial some reference was made to the same incident as was referred to in the news item and the district judge then admonished the jury not to take it into consideration at all.

The question of whether or not a new trial shall be granted ■■ in cases of this kind is within the sound discretion of the trial judge. The mere fact that a newspaper report of the trial has been published is not ground for discharge of the jury when it is not shown that any of them read the article. 64 C. J., Trial, sec. 798, p. 1016. Compare: Ring v. Minneapolis St. Ry., 176 Minn. 377, 223 N. W. 619; Kelley v. Dickerson, 213 Ind. 624, 13 N. E. (2d) 535.

Defendant complains that the district judge was not justified

in sending the jury back for further deliberation after it brought in two verdicts. The record shows that after the jury brought in two verdicts, one in favor of the plaintiff in the sum of $2,800 and one in favor of the defendant in the sum of $1,240, the court said: "No, Ladies and Gentlemen, you can't have two verdicts. I will refer you to the instructions. I think I will send you back again. Go back for further deliberation." The court gave the following instruction when the jury received the case after the evidence was heard: "This being a civil case, two-thirds or 8 of your number must agree in order to find a verdict. In this case you may find either one of the following verdicts: 1, For the plaintiff. 2. For the defendant."

This court said in the case of Harrington v. Butte, Anaconda & Pacific Ry., 36 Mont. 478, 93 Pac. 640, 642: "* * * the plain purpose of the provision [R. C. M. 1947, sec. 93-5111] is to prevent the receipt of informal or insufficient verdicts. It does not extend to matters going to the substance that do not appear upon their face. If the verdict covers the issue, and is complete on its face, the court must receive it * * *." Defendant claims that the circumstances in the instant case go to the substance. In this respect we do not agree. For the reasons hereinabove set out the lower court was right in its action in preventing the receipt of a verdict which was insufficient. The court told the jury it could find but one verdict in its original instruction.

Defendant complains that the admission of certain testimony and exhibits was improper. Without setting the matters out at length, it is sufficient to say that the evidence admitted was merely to corroborate the direct testimony of the plaintiff. No fatal error was committed in this respect so as to justify a reversal of the judgment.

Counsel for the appellant gives no authority for the contentions he sets out regarding the testimony or exhibits alleged to have been improperly admitted nor does he show how and in what manner the defendant was or could have been injured thereby.

The defendant offered instructions which the court refused

to give. Suffice to say that they were properly refused as either being erroneous, covered by other instructions, or inapplicable. The jury was correctly instructed on all essential questions involved in the case.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANGSTMAN, concur.