BROCKWAY, RESPONDENT, *v.* BLAIR, APPELLANT.

(No. 3,768.)

(Submitted April 21, 1917.　Decided May 19, 1917.)

[165 Pac. 455.]

*Brokers — Commissions — Written Contracts — Construction — Ambiguity—Evidence — Instructions — Appeal and Error — Briefs—Specifications of Error.*

Appeal and Error—Specifications of Error—Briefs.

　1.　Under paragraph X, subdivision b, of the Rules of the Supreme Court, where error in the admission or rejection of evidence is relied on by appellant, the full substance of the evidence must be quoted in his brief.

Written Contracts—Ambiguity—Evidence.

　2.　It is only where the terms of a written agreement are not clear and free from ambiguity that recourse may be had to the attendant circumstances in explanation of the intention of the party; one which clearly and explicitly expresses such intention is not in need of interpretation.

　　[As to evidence admissible to explain words used in written contract, see note in 122 Am. St. Rep. 545.]

Appeal and Error—Instructions—Briefs.

　3.　Alleged error in instructions given or refused is not entitled to consideration on appeal, unless the instruction is set out in full in appellant's brief.

Same—Instructions—To be Construed as a Whole.

　4.　All the instructions to the jury constitute the charge of the court; each paragraph must be read and considered with the context; no one of them may be segregated from the rest and urged as erroneously given.

Brokers—Commissions—Correct Instruction.

　5.　In an action to recover commissions on sales of automobiles, under a contract the terms of which permitted plaintiff to call for assistance from defendant if necessary to complete a sale, the court correctly instructed the jury that the former was entitled to his commissions if his endeavors were the moving cause or "instrumental" in making the sales, even though he was assisted by one of defendant's demonstrators in finally consummating them.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by B. G. Brockway against H. B. Blair.　Judgment for plaintiff and defendant appeals from it and from an order denying him a new trial.　Affirmed.

　For authorities discussing the general rule that parol evidence is not admissible to vary, add to or alter a written instrument, see note in 17 L. R. A. 270.

*Messrs. Miller & O'Connor,* for Appellant, submitted a brief; *Mr. J. F. O'Connor* argued the cause orally.

Unquestionably the parties in the contract in question intended to say, and did say, that unless the plaintiff made the sale he was not entitled to a commission. While we do not contend that the delivery of a car would be necessary to constitute such a sale as would entitle plaintiff to his commission, yet we do assert that the plaintiff would be required to make such a contract with the buyer on behalf of the defendant as would give the defendant the right to recover damages in case of buyer's failure to purchase. Our assertion finds support in the following language in the case of *Ormsby* v. *Graham,* 123 Iowa, 202, 98 N. W. 729: "Other cases hold to the rule that under a contract giving an agent authority to sell and providing a commission for such services the mere production of a purchaser who is willing to buy upon the stated terms is not sufficient, but an actual sale or binding contract of sale must be shown before a recovery can be had upon the agreement." (*Bouscher* v. *Larkins,* 84 Hun, 405, 32 N. Y. Supp. 305; *Dolan* v. *Scanlan,* 57 Cal. 261; *Hammond* v. *Crawford,* 66 Fed. 425, 14 C. C. A. 109, 35 U. S. App. 1; *Norman* v. *Reuther,* 25 Misc. Rep. 161, 54 N. Y. Supp. 152; *Keys* v. *Johnson,* 68 Pa. St. 42; *Haydock* v. *Stow,* 40 N. Y. 363; *Wilson* v. *Mason,* 158 Ill. 304, 49 Am. St. Rep. 162, 42 N. E. 134; *Olsen* v. *Jodon,* 38 Minn. 466, 468, 38 N. W. 485; *Richards* v. *Jackson,* 31 Md. 250, 1 Am. Rep. 49; *De Santos* v. *Taney,* 13 La. Ann. 152; *Dorrington* v. *Powell,* 52 Neb. 440, 72 N. W. 587; *Drury* v. *Newman,* 99 Mass. 256; *Bradford* v. *Menard,* 35 Minn. 197, 28 N. W. 248; 19 Cyc. 255.)

*Messrs. Nichols & Wilson,* for Respondent; *Mr. Harry Wilson* argued the cause orally.

The authorities do not support appellant's contention that before respondent, under the contract in question, could claim commission on any sale, he must either have actually consummated the sale or executed with the prospective purchaser a binding contract for the breach of which by the vendee the

vendor could successfully maintain an action for damages. It was only necessary for respondent to bring the parties together, and if by reason thereof a sale resulted, the commission was earned. (*Dreisbach* v. *Rollins,* 39 Kan. 268, 18 Pac. 187; *Desmond* v. *Stebbins,* 140 Mass. 339, 5 N. E. 150; *Reishus-Remer Land Co.* v. *Benner,* 91 Minn. 401, 98 N. W. 186; *Hubachek* v. *Hazzard,* 83 Minn. 437, 86 N. W. 426; 19 Cyc. 258.)

A broker who introduces the purchaser is entitled to commissions where the negotiations are suspended but subsequently resumed and a sale is made. (*Van Doren* v. *Jelliffe,* 1 Misc. Rep. 354, 20 N. Y. Supp. 636.) If a broker who has property for sale is instrumental in bringing the owner of the property and a purchaser together, and a sale or exchange is effected by the parties in interest, the broker will be entitled to his commission. (*Miller* v. *Stevens,* 23 Ind. App. 365, 55 N. E. 262; *Cox* v. *Haun,* 127 Ind. 325, 26 N. E. 822; *Henderson* v. *Mace,* 64 Mo. App. 393.) A broker is entitled to a commission where he is the procuring cause of a sale, though the sale is actually consummated by the owner. (*Hardin* v. *Stansel,* 13 Ga. App. 22, 78 S. E. 681; *Webb* v. *Harding* (Tex. Civ.), 159 S. W. 1029.) A broker is deemed the procuring cause of the sale where his intervention is the foundation on which the negotiations resulting in a sale are begun. (*Cleveland & Williams* v. *Butler,* 94 S. C. 406, 78 S. E. 81; *Charles* v. *Klingstein,* 50 Colo. 406, 115 Pac. 704; *Grinnell Co.* v. *Simpson,* 64 Wash. 564, 117 Pac. 391; *Sidebotham* v. *Spengler,* 154 Mo. App. 11, 133 S. W. 101; *Jennings* v. *Trummer,* 52 Or. 149, 132 Am. St. Rep. 680, 23 L. R. A. (N. S.) 164, 96 Pac. 874.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In this action, plaintiff seeks to recover commissions alleged to be due upon the sale of three automobiles, under the following written agreement:

"This agreement made and entered into this 5th day of May, 1913, by and between H. B. Blair, of Livingston, and B. G.

Brockway, of Billings, Montana, as follows: The said first party agrees to furnish Reo automobiles for the said second party to sell in Yellowstone and Carbon counties in the following manner: The said second party to get fifteen per cent (15) of sales. Said first party to furnish all automobiles on deposit of one hundred dollars ($100.00) each, at time of order. All orders and specifications to be in Lansing ten days prior to shipment.

"H. B. BLAIR,

"First Party,

"By R. H. BISHIR,

"B. G. BROCKWAY,

"Second Party."

The circumstances under which a car was sold to Allard, one of the purchasers, will illustrate the three sales involved in this controversy. Cettergren was Brockway's agent at Laurel, and Bishir and Green were Blair's agents who worked to some extent in that vicinity. Cettergren testified that he made several trips to see Allard concerning the sale to him of a Reo car; that he demonstrated the car to Allard several times; that he took Bishir to Allard, and Bishir demonstrated the car to him; that afterward and on the day Allard expressed his intention to purchase a car he introduced Green to Allard; that a sale was then completed by Green, who delivered the car to Allard. On cross-examination, the witness said: "I know that Mr. Green would not have sold the car if it hadn't been for me, and I think I would have sold the car if it hadn't been for Green. Mr. Allard said he was ready to buy a car before Mr. Green spoke to him." From the fact that a general verdict was returned in favor of plaintiff, we must assume that the jury accepted this testimony as true, so far at least as it tends to disclose the part which Brockway's agent played in effecting the sale. It is apparent that the efforts of Cettergren alone did not produce the sale, neither did the unaided efforts of Blair's agent effect it. The sale resulted from their combined efforts.

Upon the theory that the agreement does not in terms expressly cover the case, the court permitted evidence to be intro-

duced to the effect that it was understood by both parties, at the time the contract was executed, that Brockway was not expected to go out and complete the sales by his own unaided efforts; that if it was necessary for him to have the assistance of Blair's agents in the community to close or complete a sale, such assistance would be furnished as a part of Blair's obligation under the contract; and that this understanding was carried into effect in making the sales which furnish the foundation for this controversy. The admission of this evidence is specified as error—as violating the provisions of sections 5018 and 7873, Revised Codes, which, so far as applicable here, are to the effect that, when the terms of an agreement have been reduced to writing by the parties, no evidence is admissible of [1] the terms of the agreement other than the contents of the writing itself. "The full substance of the evidence admitted" is not quoted as required by Rule X, subdivision "b," of the rules of this court (123 Pac. xii), and the attention of counsel is directed to the fact that these rules are to be honored by their observance—not by their breach.

It is the contention of appellant that, under the terms of the agreement, Brockway was not entitled to any commission unless and until he made a sale complete in itself or made a contract of sale under which Blair could maintain an action for damages in case the prospective purchaser failed or refused to take the car. In other words, it is appellant's contention that the terms of the contract are explicit; that they interpret themselves and leave no room for the application of rules of construction or the introduction of evidence explanatory of the circumstances under which the agreement was made.

If the sale had been made by the unaided efforts of Brockway or his agent, there could not be any question of plaintiff's right to the commission. If the sale had resulted from the unaided efforts of Blair's agents, Brockway could not lay claim to the commission, for the contract did not give him exclusive territory. But what are the rights of the parties under the contract as they apply, or can be made to apply, to the Allard

sale? Sections 5018 and 7873, above, refer to contracts complete in themselves and free from ambiguity and uncertainty. Sections 5025, 5030, 5036 and 5038 provide rules of interpretation where the terms of the agreement fail to explain themselves **[2]** fully or are ambiguous or uncertain. If the language of the agreement is clear and expresses the intention of the parties explicitly, it needs no interpretation (*Ming* v. *Pratt*, 22 Mont. 262, 56 Pac. 279); but, if it is not clear and free from ambiguity, then the attendant circumstances under which the contract was made may be examined to furnish a key to the intention of the parties (*Alywin* v. *Morley*, 41 Mont. 191, 108 Pac. 778; *Quirk* v. *Rich*, 40 Mont. 552, 107 Pac. 821). We are not prepared to agree with counsel for appellant that the meaning of the language of this agreement is so far free from doubt that it can be said as a matter of law that it furnishes its own interpretation. That the writing does not contain all the terms of the agreement is apparent at once. Neither the price at which the cars were to be sold nor the terms of sale are specified. Certainly, it was not intended that Brockway might fix any price upon the cars or any terms which would suit him or better enable him to sell them. It is uncertain, too, whether Brockway was to order cars from Blair or directly from the factory. Indeed, the writing appears to be nothing more than a brief memorandum of certain points of their agreement, and the court ruled correctly in admitting the evidence.

Upon the facts found, Brockway was entitled to his commission upon these sales, for the parties had agreed that such assistance as was given him was due to him under the contract.

The second assignment is that the court erred "in giving **[3]** defendant's instruction No. 2½." The instruction is not set out as required by Rule X, subdivision "b." The defendant below is the appellant here, and we would be justified in refusing to consider the assignment because of this violation of the rule, or we might content ourselves with saying that a party will not be heard to complain of the action of the court in giving an instruction which he requests; but waiving the failure

to observe the rule, and assuming, from the argument presented, that fault is found with plaintiff's offered instruction No. 1, given as instruction No. 4, and that the reference to defendant's instruction No. 2½ is merely an error, it is to be observed that, if instruction No. 4 stood alone and was the sole criterion for determining the circumstances under which plaintiff would be entitled to commission upon a sale in the making of which he received assistance from defendant, then there would be ground for appellant's complaint. The phrase, "was instrumental in making any sale," conveys practically no meaning. It is too indefinite to be of service to the jury in applying the evidence; **[4]** but one particular paragraph of the entire charge cannot be segregated from the rest. Every paragraph is to be read with the context, and all the instructions considered together as constituting the single charge of the court. (*Stephens* v. *Elliott*, 36 Mont. 92, 92 Pac. 45; *Michalsky* v. *Centennial Brewing Co.*, 48 Mont. 1, 134 Pac. 307.)

At the instance of defendant, the court gave the following **[5]** instruction: "You are instructed that, in order for the plaintiff to recover by reason of any sale being made by him, you must find that the plaintiff was the moving cause of the sale being effected, and that the sale would not have been made had it not been for the solicitation and efforts of the plaintiff." The court intended, and the jury must have understood, that these two instructions should be considered together as stating the circumstances under which the plaintiff would be entitled to the commission even though he received assistance from the defendant or his agent in completing the transaction. The two instructions are not incongruous or contradictory. The term "instrumental" is defined by the court to mean such contribution by the plaintiff as that, without it, the sale would not have been made. In other words, the plaintiff must have been the moving cause which produced the sale or the procuring cause of the sale. (*Armstrong* v. *Wann*, 29 Minn. 126, 12 N. W. 345, approved in *Shober* v. *Blackford*, 46 Mont. 194, 127 Pac. 329.) We think the jury could not have been misled, and that the

evidence is sufficient to make out a case under the rule thus announced.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

