SURMAN ET AL., APPELLANTS, *v.* CRUSE ET AL., RESPONDENTS.

(No. 4,085.)

(Submitted January 16, 1920.   Decided February 16, 1920.)

[187 Pac. 890.]

*Personal Injuries—Master and Servant—Mining—Negligence— Contributory Negligence — Safe Place Rule — Custom — New Trial—Newly Discovered Evidence—Instructions.*

Trial—Instructions—How to be Considered.
   1.   The instructions to the jury must be considered in the light of the issues and the evidence, every paragraph being read with the context, and as constituting the single charge of the court.
Instructions—Abstract Propositions of Law.
   2.   Abstract propositions of law should not be submitted to the jury in the instructions of the court.
Personal Injuries—Master and Servant—Faulty Method in Conducting Work —When Negligence.
   3.   An employer has the right to conduct his business in his own way, provided the method he selects is reasonably safe; if so far faulty that it can be said to be negligence to pursue it, and injury results proximately therefrom to the employee, the employer is liable.
Same—Mines—Faulty Method—How Determinable.
   4.   Defendant was not required to select the best method or the safest appliances for holding a large rock in place in mine workings, and the question whether the method adopted was proper was determinable by

actual conditions, not by comparison with other methods which might have been used.

Same—Erroneous Instruction—When Harmless.

5. Though an instruction is erroneous in the sense that it is incomplete, the error becomes harmless if it is supplemented and made complete by other instructions given.

Same—Safe Place Rule—When Inapplicable.

6. The safe place rule *held* not to apply in the case of a timberman employed in a mine to make safe dangerous places in the workings, whether pointed out to him by another or discovered by himself, though it is incumbent upon the master to minimize the danger so far as practicable.

Same—Negligence—Custom does not Exonerate.

7. Custom never exonerates from the imputation of negligence.

Same—Custom—Instruction.

8. An instruction that if defendant had employed a method customarily employed by miners in making a dangerous place safe by spragging, no liability attached, provided it was a reasonably safe way in which the danger could be prevented was not objectionable as contrary to the rule declared in paragraph 7 above.

Appeal and Error—Erroneous Instruction—When not Reversible Error.

9. For errors in instructions not affecting appellant's substantial rights, a judgment will not be reversed.

New Trial — Newly Discovered Evidence — Affidavits to be Considered Together.

10. An affidavit made in support of a motion for a new trial on the ground of newly discovered evidence, and a second one made by the same affiant procured by the adverse party withdrawing or modifying statements in the first, must be considered together.

Same—Cumulative Evidence not Ground for New Trial.

11. Cumulative evidence affords no ground for a new trial on the ground of newly discovered evidence.

Personal Injuries—Contributory Negligence—How to be Pleaded.

12. Contributory negligence must be pleaded with the same degree of particularity required in charging negligence, and the party alleging it cannot prevail unless the particular acts of negligence, or one or more of them, set forth are established by his evidence.

Same—Negligence—Pleading.

13. Whether there is a sufficient charge of negligence in a personal injury case must be determined from the facts alleged, not from the use of the descriptive terms "negligently and carelessly."

Newly Discovered Evidence—When not Ground for New Trial.

14. Where alleged newly discovered evidence could only be employed in rebuttal to repel the imputation of contributory negligence in a particular not charged, and had no relevancy to the cause of action stated in the complaint, a new trial on the ground of newly discovered evidence was properly denied.

Appeal and Error—Erroneous Instructions—When not Ground for Reversal of Judgment.

15. Under section 6746, Revised Codes, for error in an instruction which was not specifically pointed out and excepted to at the settlement of the instructions, the supreme court may not reverse a judgment.

[On applicability of rule as to safe place, where servants are engaged in the work of removing dangerous conditions, see note in 25 L. R. A. (n. s.) 321.]

[On cumulative evidence as grounds for new trial in civil cases, see note in L. R. A. 1916C, 1162.]

*Appeal from District Court, Lewis and Clark County; J. Miller Smith and W. H. Poorman, Judges.*

ACTION by Dora Surman and others, as heirs at law of Stephen Surman, deceased, against Richard Cruse and others, administrators with will annexed of the estate of Thomas Cruse, deceased. From a judgment for defendants and from order denying them a new trial, plaintiffs appeal. Order and judgment affirmed.

*Mr. Wellington D. Rankin,* for Appellants, submitted an original and supplemental brief and argued the cause orally.

The defendant Cruse was bound to use reasonable care to conduct his business in a reasonably safe manner. A master has not the right to conduct his business in his own way, but must use reasonable care to select and use a reasonably safe method, and liability may be predicated upon a negligent method adopted for the performance of his work. This has been repeatedly held to be the law in this state. (*Verlinda* v. *Stone & Webster Eng. Corp.,* 44 Mont. 223, 119 Pac. 573; *Stewart* v. *Stone & Webster Eng. Corp.,* 44 Mont. 160, 119 Pac. 568; *Westlake* v. *Keating Gold Mining Co.,* 48 Mont. 120, 136 Pac. 38.) This general rule is stated in 26 Cyc. 1153, as follows: "So too if a master directs a servant to do certain work in a manner not reasonably safe, and the performance of the work in the manner directed is the proximate cause of injury to the servant, the master is guilty of actionable negligence." (*Fonts* v. *Southern Pac. Co.,* 30 Cal. App. 633, 159 Pac. 215.)

A master must adopt a method of performing his work which a reasonably prudent person would adopt, regardless of the method generally or customarily observed by others. (*Kinsel* v. *North Butte Mining Co.,* 44 Mont. 445, 120 Pac. 797, 805; *Austin* v. *Chicago, R. I. & P. Ry. Co.,* 93 Iowa, 236, 61 N. W. 849; *Lake Erie & W. R. Co.* v. *Mugg,* 132 Ind. 168, 31 N. E. 564; *Hosic* v. *Chicago, R. I. & P. Ry. Co.,* 75 Iowa, 683, 9 Am. St.

Rep. 518, 37 N. W. 963; *Dolphin* v. *Peacock Mining Co.,* 155 Wis. 439, 144 N. W. 1112; *East Tennessee, V. & G. Ry. Co.* v. *Kane,* 92 Ga. 187, 22 L. R. A. 315, 18 S. E. 18.)

The motion for new trial should have been granted on the ground of newly discovered evidence. Where evidence is material and could not have been discovered by the exercise of reasonable diligence, it is an abuse of discretion to refuse a new trial. (Hayne on New Trial, sec. 92, p. 439; *Waite* v. *Fish,* 17 S. D. 215, 95 N. W. 928; *In re McClellan's Estate,* 20 S. D. 498, 107 N. W. 681; *Kellogg* v. *Finn,* 22 S. D. 578, 133 Am. St. Rep. 945, 18 Ann. Cas. 363, 119 N. W. 545; *State* v. *Stowe,* 3 Wash. St. 206, 14 L. R. A. 609, 28 Pac. 337; *State* v. *Townsend,* 7 Wash. 462, 35 Pac. 367; *State* v. *Webb,* 20 Wash. 500, 55 Pac. 935.) The facts set out in the affidavit for newly discovered evidence cannot be controverted by a counter-affidavit and a question of fact thus tried by the court instead of the jury. (*In re McClellan's Estate, supra; Goldsworthy* v. *Town of Linden,* 75 Wis. 24, 43 N. W. 656; *Shafer* v. *Willis,* 124 Cal. 36, 56 Pac. 635; *People* v. *Sing Yow,* 145 Cal. 1, 78 Pac. 235.)

*Messrs. Walsh, Nolan & Scallon,* for Respondents, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

Mr. Surman was employed as timberman and as such his duties required him to make that particular place in the mine where the slab was cracked reasonably safe, and whatever risks attended upon the performance of that work, they were risks which he assumed by virtue of his employment as such timberman, and as to such work the doctrine of a safe place had no application. (See *Shaw* v. *New Year Gold Mines Co.,* 31 Mont. 138, 77 Pac. 515; *Gregory* v. *Chicago etc. Ry. Co.,* 42 Mont. 551, 113 Pac. 1123; *Finalyson* v. *Utica Mining & Milling Co.,* 67 Fed. 507, 14 C. C. A. 492; *Union Pac. R. Co.* v. *Jarvi,* 53 Fed. 65, 3 C. C. A. 433.) A case directly in point is presented in the case of *Metallic Gold Mining Co.* v. *Watson,* 51 Colo. 278, Ann. Cas. 1913A, 1276, 117 Pac. 609.

On the authorities submitted and on the undisputed facts disclosed by the record, the first ground of negligence is disposed of, that is, the failure to furnish a safe place in which to work. The contract of employment did not provide that a safe place should be furnished Mr. Surman. He was employed as a timberman and undertook to perform the duties incident to that employment. Mr. Cruse did not undertake to furnish a safe place. On the contrary, he advised Mr. Surman that his employment would require him to go to dangerous places in the mine so as to make them reasonably safe.

This brings up for consideration the second ground of negligence, and that is, that Surman was negligently ordered by the foreman to place a sprag against the rock, and that, in so directing him to place a sprag against the rock, a dangerous and unsafe method was adopted, a fact which the foreman knew and which Surman did not know, or, in the exercise of reasonable care and diligence, could not have ascertained. We quote as follows from the case of *Hightower* v. *Southern Ry. Co.*, 146 Ga. 279, L. R. A. 1917C, 481, 91 S. E. 52: "Where a servant is an adult of ordinary intelligence, he cannot relieve himself of the duty imposed by law in regard to assumption of risks on the ground that he is obeying orders of the master, or of a representative of the master, or because failure to obey will result in loss of employment."

Where the master and servant are possessed of equal knowledge of defects and danger, the servant assumes the risk, and the same is true where the servant has better means of knowledge than the master. (26 Cyc. 1202; Thompson on Negligence, sec. 4643.) If a servant places himself in a position where he is injured, his preceding actions must be considered, and if they show lack of care on his part, he is guilty of contributory negligence. (*Dummer* v. *Milwaukee Electric Ry. etc. Co.*, 108 Wis. 589, 84 N. W. 853; *Richmond Ry. etc. Co.* v. *Hudgins*, 100 Va. 409, 41 S. E. 736; *Chattanooga Electric Ry. Co.* v. *Cooper*, 100 Tenn. 308, 70 S. W. 72; *Chicago etc. Ry. Co.* v. *Corson*, 198 Ill. 98, 64 N. E. 739.) It is not a negligent act to direct a servant

57 Mont.—17

to go to a place of danger to perform a dangerous task. (*Turner* v. *Southern Pac. Co.*, 142 Cal. 580, 76 Pac. 384; *Spencer* v. *Ohio etc. Ry. Co.*, 130 Ind. 181, 29 N. E. 915; *Slota* v. *Albert Lewis Lumber etc. Co.*, 215 Pa. 434, 64 Atl. 632; *Stevens* v. *Henningsen Produce Co.*, 53 Mont. 306, 163 Pac. 470.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Thomas Cruse in his lifetime owned and operated the Bald Mountain mine at Marysville. Stephen Surman was employed to work in the mine as a timberman, and while engaged in the discharge of his duties received injuries from which he died. This action was brought by his surviving widow and children to recover damages upon the theory that the death resulted from the employer's negligence. After the action was instituted Mr. Cruse died, and his personal representatives were substituted. The trial of the cause resulted in a general verdict for defendants, and from the judgment entered thereon and from an order denying a new trial, plaintiffs appealed.

The charging part of the complaint is to the effect that in a certain stope in the mine there was a large rock which had become loosened and was in a dangerous condition; that the danger was known to the employer but not known to Surman; that, notwithstanding these facts, Surman was ordered to place a sprag (a small stull) against the rock to hold it in place; that this method of procedure was unsafe and dangerous; that Surman undertook to execute the order, and while so engaged the rock fell upon him, causing the injuries which resulted in his death.

Paraphrased, the complaint charges negligence: (1) In ordering Surman into a known place of danger; and (2) in prescribing for his guidance a dangerous method of procedure. The first ground of negligence was eliminated by the evidence, which disclosed without controversy that Surman knew of the danger. This much is apparently conceded by counsel for plaintiffs in his supplementary brief, for he says that the action is based

upon "the failure of the defendant [Cruse] to select and use a reasonably safe method of performing the work in question."

The court submitted to the jury twenty-four instructions. Exceptions were taken to only two of them, 13 and 16, which are as follows:

"(13) You are instructed that Mr. Cruse had the right to conduct his business in his own way, and had the right to require Mr. Surman, as timberman, to perform such dangerous work, if any, which is usually done by timbermen in mines, and you are instructed that defendants cannot be held liable for any injury resulting solely from the dangerous character of the work that Mr. Surman was performing at the time that he suffered death.

"(16) You are further instructed that, if you find from the evidence in this case that the work which Mr. Surman was about to do in connection with making the place reasonably safe where the rock fell was work which he was required to do as timberman, and you further find from the evidence that the rock in the condition in which it was was likely to fall or was in a dangerous condition, and spragging of same was a reasonably safe way in which the danger of its falling could be prevented, and spragging in such a case was a method that was generally observed in order to prevent the rock from falling, in that event the risk of being injured by the falling rock was a risk which he assumed by virtue of his employment as timberman, and for the death of Mr. Surman under those circumstances no liability would arise."

1. It is elementary that the instructions are to be considered [1] in the light of the issues and the evidence (*Yoder* v. *Reynolds,* 28 Mont. 183, 72 Pac. 417), that every paragraph is to be read with the context, and that the several instructions are to be considered together as constituting the single charge of the court. (*Brockway* v. *Blair,* 53 Mont. 531, 165 Pac. 455.)

Much adverse criticism is directed to the opening statement in instruction 13: "Mr. Cruse had the right to conduct his [2, 3] business in his own way." As an abstract rule of law,

it is clearly correct. In *Jarrell* v. *Coal Co.*, 154 Mo. App. 552, 136 S. W. 754, it is said: ''The right of an employer to conduct his own business in his own way is a rule pertaining to the relation of master and servant too well settled to call for discussion. But this right has its limitations.''

Abstract rules of law ought not to be given to a jury (*First Nat. Bank* v. *Carroll*, 35 Mont. 302, 88 Pac. 1012), and that principle gains added emphasis in this instance, for, standing alone, the statement contains but half the truth. So long as injury does not result from the method employed, the master cannot be required to substitute for his own judgment the judgment of someone else, in the absence of statute prescribing a particular mode of procedure; but, whenever the master employs others to work for him, the law imposes upon him the duty to exercise reasonable care for their safety, and if his method is so far faulty that it can be said to be negligence to pursue it, and if the pursuit of that method results proximately in injury to the servant, the master is liable. (*Verlinda* v. *Stone & Webster Eng. Corp.*, 44 Mont. 223, 119 Pac. 573; *Westlake* v. *Keating G. Min. Co.*, 48 Mont. 120, 136 Pac. 38.)

As among several methods which might suggest themselves, [4] Mr. Cruse had the right to choose spragging in preference to blasting or any other method, provided spragging was a reasonably safe method of accomplishing the desired end. He was not required to select the best method or the safest appliances. The question whether the particular method prescribed was proper was to be determined by actual conditions, and not by comparison with other methods which might have been in use. (*Forquer* v. *Slater Brick Co.*, 37 Mont. 426, 97 Pac. 843; 3 Labatt on Master & Servant, sec. 931.)

If the opening clause of instruction 13 stood alone, no one would contend seriously that it states a correct principle as applied to the facts of this case; but it does not stand alone. The court cannot be expected to state the law fully in one instruction (*Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70), and it is now too well settled to be open to argument that, though an

[5]  instruction is erroneous in the sense that it is incomplete, but is supplemented and made complete by other instructions given, the error becomes harmless (*Fitschen* v. *Thomas*, 9 Mont. 52, 22 Pac. 450).  In *Harrington* v. *Butte, A. & Pac. Ry. Co.*, 36 Mont. 478, 93 Pac. 640, this court said: "It is a familiar rule that, in reviewing a charge of a trial court, it will be examined as a whole.  While one or more paragraphs, standing alone, may be inaccurate or even prejudicially erroneous, yet, if these are qualified and explained by the other portions of the charge *in pari materia*, and, taken together with them and the rest of the charge, fully and fairly submit the case to the jury, the verdict and judgment should be sustained."

Do the instructions, considered in their entirety, correctly limit the right of the employer to carry on his own business in his own way?  By instruction 3 the jury were told that, if they found "that said method of taking care of said rock (spragging) was a dangerous method and likely to cause injury to one so caring for said rock,  *  *  *  then you will return your verdict in favor of plaintiffs and against the defendants."  In instruction 16 the jury were told that, if they found that placing a sprag against the rock "was a reasonably safe way in which the danger of its falling could be prevented,  *  *  *  in that event the risk of being injured by the falling rock was a risk which he [Surman] assumed by virtue of his employment as timberman, and for the death of Mr. Surman under those circumstances no liability would arise."  The jury must have understood from these instructions that Mr. Cruse had the right to select the method for securing this rock, provided the method which he selected was reasonably safe, and whether it was or was not reasonably safe was for them to determine from the evidence.

Surman's duties as timberman required him to render safe any dangerous places in the workings, whether pointed out to [6]  him by another or discovered by himself.  Under such circumstances it cannot be said that his employer was bound to furnish a safe place for Surman, who was employed for the ex-

press purpose of making it safe; in other words, the safe place rule could not be applied to his situation, as it is applied to a servant not engaged in the discharge of a nondelegable duty of the master. (*Thurman* v. *Pittsburg & Mont. C. Co.*, 41 Mont. 141, 108 Pac. 588; *De Sandro* v. *Missoula L. & W. Co.*, 48 Mont. 226, 136 Pac. 711.) By this we do not mean to infer that the master was relieved of his common-law duty altogether. It was still incumbent upon him to minimize the danger so far as practicable to do so, and to refrain from exposing the servant to injury from causes which might have been reasonably anticipated and guarded against; but the facts of this case do not admit of the application of the rule, as in *Morelli* v. *Twohy Bros. Co.*, 54 Mont. 366, 170 Pac. 757. Morelli was ordered into a dangerous place, without knowledge of the danger, without an opportunity to make an examination, and with the assurance of the master, who had made an examination, that the place was safe. Surman was ordered to a dangerous place with warning of the danger and for the express purpose of making it safe.

Instruction 16 would be prejudicially erroneous if it acquitted [7, 8] defendants of liability by reason of the fact that they adopted a method customarily employed in such cases. Custom never exonerates from the imputation of negligence. (*Conway* v. *Monidah Trust*, 52 Mont. 244, 157 Pac. 178.) But the instruction goes further, and directs the jury that, in addition to finding that the method employed was one generally observed in such cases, they must find that it was "a reasonably safe way in which the danger * * * could be prevented." Complaint is made that instruction 16 ignores the element of appreciation of the danger; but that phase of the case was covered by instruction 6, to which no exception was taken.

Considered with the other instructions given, we think that [9] 13 and 16 are not open to the criticism made upon them. Neither is a model of perspicuity, but it does not seem possible that the jury could have been misled by the charge as a whole. Section 6593, Revised Codes, provides: "The court must, in every stage of an action, disregard any error or defect in the plead-

ings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.''

2. A new trial was sought on the ground of newly discovered evidence.

Barney Heaney, employed in the mine but a few feet from [10] Surman at the time he was injured, made affidavit in support of the motion, and, after reading the testimony which he gave at the coroner's inquest, made a second affidavit in which he withdrew or materially modified many of the statements contained in the first. Assuming for the purposes of this case that counsel for appellants is correct in his contention that the evidence contained in an affidavit in support of a motion for a new trial cannot be controverted by counter-affidavits, still we think that the two affidavits made by Heaney should be considered together, and this, too, notwithstanding the fact that the second was procured by defendants.

In passing on the motion, the lower court was required to assume that, if a new trial were granted, and Heaney called as a witness, he would offer to testify to the facts disclosed by his [11] first affidavit as modified by the second. There is a statement contained in the first affidavit which is not modified—a statement which counsel for appellants deems material. It is to the effect that Heaney saw Surman sound the rock and make tests and examinations to ascertain whether it was likely to fall. Counsel for respondents in their brief criticise Surman for standing ''in such close proximity to the rock which he did not sound and which he did not examine.'' In reply thereto counsel for appellants says: ''We desire likewise to invite the court's attention to the fact that the deceased did sound the rock in question, contrary to the statement made by counsel on page 32 of their brief. Richard O'Connell, who was the partner working with Surman, testified as follows: 'Both of us made the examination, and I do not know which one it was who sounded the rock, Mr. Surman or me. We were both there, and he concluded it was safe, and I agreed with him.' '' If O'Connell and Heaney

refer to the same examination, then Heaney's evidence would be merely cumulative, and afford no ground for a new trial. (*Garfield M. & M. Co.* v. *Hammer,* 6 Mont. 53, 8 Pac. 153.)

Heaney's statement, if material at all, could be employed only in rebuttal, to repel the imputation of contributory negligence. It has no relevancy whatever to the cause of action stated in the complaint. The rule is settled in this jurisdiction that [12–14] contributory negligence must be pleaded with the same degree of particularity as the plaintiff must employ in charging negligence (*Gleason* v. *Missouri R. P. Co.,* 42 Mont. 238, 112 Pac. 394), and that plaintiff in the one instance, and defendant in the other, must prevail, if at all, by evidence which tends to establish the particular acts of negligence charged, or one or more of them. (*Knuckey* v. *Butte El. Ry. Co.,* 41 Mont. 314, 109 Pac. 979; *Bracey* v. *Northwestern I. Co.,* 41 Mont. 338, 137 Am. St. Rep. 738, 109 Pac. 706.)

In attempting to charge that Surman was guilty of contributory negligence, defendants allege that, when the foreman discovered the dangerous condition of the rock, he ordered Surman to pry it out or place a sprag against it; that Surman failed to obey the order; that on the day following he was again given the same directions and again neglected to obey; that on the third day he was again given the order, and, while waiting for his assistant to procure the sprag, he stood in such a position that, should the rock fall, he would likely sustain injury, and that while in that position he was injured. It is not alleged that he was negligent in failing to examine the rock or that he was negligent in assuming the position which he occupied, without first having made an examination. Whether there is a sufficient charge of negligence must be determined from the facts alleged, not from the use of the descriptive terms "negligently and carelessly." It was altogether immaterial under the issues made by the pleadings whether Surman made an examination on the day he was injured or at any other time. He was not directed to the place to ascertain whether it was dangerous, but because it was known to be dangerous. The fact that he occupied a position

where he might be injured if the rock fell does not of itself impute negligence to him.

It does not aid appellants to say that an attempt was made [15] by instruction 11 to submit to the jury the question whether Surman had examined the rock. The instruction appears to be incomplete and is altogether erroneous; furthermore, an instruction upon the subject should not have been given; but this instruction was given without objection, and we are precluded by the statute from reversing the judgment because of the error. Section 6746, Revised Codes, provides: "No cause shall be reversed by the supreme court for any error in instructions, which was not specifically pointed out and excepted to at the settlement of the instructions as herein specified, and such error and exception incorporated in and settled in the bill of exceptions or statement of the case as herein provided."

Since the newly discovered evidence would be excluded as immaterial if a new trial were granted, the order denying the motion is affirmed, as is the judgment.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and MATTHEWS concur.

MR. JUSTICE COOPER, being absent, takes no part in the foregoing decision.