FREISHEIMER, APPELLANT, v. MISSOULA CREAMERY CO., RESPONDENT.

(No. 4,868.)

(Submitted September 25, 1922. Decided October 19, 1922.)

[210 Pac. 329.]

*Automobiles — Collision in City Street — Contributory Negligence—Pleading—Sufficiency—New Trial—Newly Discovered Evidence.*

Contributory Negligence must be Pleaded.
1. The defense of contributory negligence must be specially pleaded, unless it appears from the allegations of the complaint, or unless plaintiff's own case raises a presumption of negligence on his part.

Same—Particularity of Pleading—Conclusion Insufficient.
2. Contributory negligence must be pleaded with the same degree of particularity as is required from plaintiff in charging defendant's negligence; the act or omission must be stated, must be characterized as negligent and must be shown to have contributed to the injury complained of, and the sufficiency of the pleading must be determined from the facts alleged and not from the use of the terms "negligently or carelessly," the conclusions of the pleader being of no importance.

Automobiles—Street Accident—Contributory Negligence—Pleading—Sufficiency.
3. Where defendant in an action for injuries to plaintiff's automobile in a collision with defendant's truck in a city street in its affirmative defense set out the facts constituting plaintiff's contributory negligence in driving on the wrong side of the street at an excessive rate of speed, *etc.*, closing with the statement that the injuries were due to plaintiff's own carelessness and negligence, the pleading was not open to the objection that contributory negligence had not been sufficiently pleaded.

New Trial—Newly Discovered Evidence Cumulative—Denial of Motion Proper.
4. Where the affidavits supporting plaintiff's motion for new trial disclosed that all the material facts therein were testified to at the trial by plaintiff and one of his witnesses, the alleged newly discovered evidence was purely cumulative, and the order overruling the motion was proper.

Appeal and Error—Conflict in Evidence—Verdict Conclusive.
5. Where the evidence on the material matters involved in a damage suit as well as upon the question of contributory negligence of plaintiff was in sharp conflict, the jury's verdict will not be disturbed on appeal.

1. Availability of contributory negligence as a defense when not pleaded, see notes in 15 Ann. Cas. 433; Ann. Cas. 1913B, 845.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ACTION by George Freisheimer against the Missoula Creamery Company. Judgment for defendant, and from an order denying motion for new trial plaintiff appeals. Affirmed.

*Messrs. Patterson & Heyfron,* for Appellant, submitted a brief; *Mr. John E. Patterson* argued the cause orally.

There was no issue as to contributory negligence. The complaint of plaintiff does not set forth facts showing contributory negligence on the part of plaintiff. The answer of the defendant does not charge contributory negligence on the part of plaintiff. The pleadings, therefore, do not support an issue of contributory negligence. The evidence of the plaintiff does not raise any presumption of negligence on his part, from which he is required to free himself from the imputation of contributory negligence, under the doctrine of *Kennon* v. *Gilmer,* 4 Mont. 433, 2 Pac. 21; *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871. The giving of the instruction on the subject was therefore error. (*Melzner* v. *Chicago etc. Ry. Co.,* 51 Mont. 487, 493, 153 Pac. 1019; *Orient Ins. Co.* v. *Northern Pac. Ry. Co.,* 31 Mont. 502, 507, 78 Pac. 1036; *Daniels* v. *Granite Bi-Metallic etc. Min. Co.,* 56 Mont. 284, 184 Pac. 836.)

"Contributory negligence on the part of the plaintiff in an action of the character of this one is such a special defense and must be pleaded by the defendant." (*State ex rel. Montana C. Ry. Co.* v. *District Court,* 32 Mont. 37, 79 Pac. 546; *Longpre* v. *Big Blackfoot Milling Co.,* 38 Mont. 99, 99 Pac. 131; *Schroder* v. *Montana Iron Works,* 38 Mont. 474, 100 Pac. 619; *Hunter* v. *Montana Cent. Ry. Co.,* 22 Mont. 525, 57 Pac. 140; *Nelson* v. *City of Helena,* 16 Mont. 21, 39 Pac. 905.)

*Mr. William Wayne,* for Respondent, submitted a brief and argued the cause orally.

The defendant pleaded affirmatively all of the facts constituting the wrongdoing of the plaintiff. Having thus pleaded

[64 Mont. 443.]

all of the facts, the defendant concluded its plea as follows: "And the defendant alleges that the said collision and the damage and injury to said Buick roadster resulting therefrom, and the alleged personal injuries sustained by the plaintiff, if any, were due to and proximately caused by his own carelessness and negligence."

The character of the defense is not to be determined, however, by this conclusion of the pleader. The facts being set forth in detail, it is immaterial whether the defendant denominates them primary or contributory negligence, or whether he gives them a name at all. The conclusion thus pleaded is gratuitous and constitutes surplusage to be disregarded in construing the pleading. The facts speak for themselves and whether they constitute primary negligence or contributory negligence depends upon the success or failure of the plaintiff in his effort to prove negligence. As this court said in *Hoskins* v. *Northern Pac. R. Co.*, 39 Mont. 394, at page 402, 102 Pac. 988: "The sufficiency of a pleading must be determined upon the facts from which the legal duty or liability is deduced." (See, also, *Johnson* v. *Pacific Bank etc. Co.*, 59 Wash. 58, 109 Pac. 205; *Tutty* v. *Ryan*, 13 Wyo. 134, 78 Pac. 657, 79 Pac. 920; *Swank* v. *Sweetwater Irr. etc. Co.*, 15 Idaho, 353, 98 Pac. 297; *Denver etc. R. Co.* v. *Smock*, 23 Colo. 456, 48 Pac. 681.)

The rule that contributory negligence is an affirmative defense to be specially pleaded is well settled, and since the decision in *Gleason* v. *Missouri River Power Co.*, 42 Mont. 238, at page 254, 112 Pac. 394, the mode of pleading it has not been in doubt. The *rationale* and effect of such a plea is determined in *Day* v. *Kelly*, 50 Mont. 306, at page 310, 146 Pac. 930. All of these authorities, and others to the same effect, are cited in appellant's brief. They do not, however, bear upon the situation in our case because in none of them was there any plea setting up the facts constituting the fault of the plaintiff. These authorities dealt with substance; the present assignment of error has to do only with a name.

MR. COMMISSIONER FORD prepared the opinion for the court.

This action was instituted to recover damages for destruction of property and for personal injuries occasioned by a collision between plaintiff's automobile and defendant's truck.

The plaintiff in his complaint sets forth two causes of action. In his first cause of action he alleges the incorporation of the defendant and the city of Missoula, and that the city passed an ordinance, which provided that a vehicle meeting another should turn to the right; a vehicle turning into another street to the left shall pass around the point of intersection of the two streets, said point being the center of intersection of said streets; that on the eighteenth day of June, 1919, the plaintiff was the owner of a certain Buick roadster; that on said date the defendant was the owner of a certain motor-truck, which at such time was being used, operated, and managed by the servants and agents of defendant; that on said eighteenth day of June, 1919, the plaintiff was lawfully upon Alder Street near the intersection of Owen Street, headed in a westerly direction, on the right side of said Alder Street, being on the north side thereof, and being to the right and north of the regularly traveled roadway upon said street, and being in the management, use and control of said Buick roadster, and being the driver thereof.

"That while the plaintiff was so engaged, and while he was in the exercise of due and ordinary care for his own safety, the said defendant, by its servant and agent driving said motor-truck of defendant, who was in the possession, use, management and control thereof, carelessly and negligently and in violation of the provisions of said ordinance of the city of Missoula No. 445 ran, drove and propelled said truck along and over said Owen Street from north of the north intersection of said street with Alder Street in a southerly direction, and in an easterly direction upon and into said Alder Street, upon his left, being the north side of said street, and carelessly

and negligently ran, drove and propelled said motor-truck and vehicle upon and into said Alder Street in an easterly direction from said Owen Street, carelessly and negligently failing and omitting to turn into said Alder Street on his right, being the south side of said street, and carelessly and negligently failing and omitting to pass the center point of the intersection of said Alder Street and Owen Street before running, driving and propelling said motor-truck and vehicle, from said Owen Street to and into said Alder Street; that said defendant, by its servant and agent in charge of said car, carelessly and negligently failed and omitted to so run, operate, manage and control said motor-truck in turning said corner of Alder Street and Owen Street that it had complete control of said motor-truck; that as the plaintiff was in his proper place, upon the north side of said Alder Street, headed in a westerly direction and east of the east intersection line of said Owen and Alder Streets, the said defendant by its servant and agent in charge, management and control of said motor-truck so carelessly and negligently managed, drove, ran, operated and propelled said motor-truck that it ran into and against plaintiff's said automobile; that by reason thereof and of the premises and of the acts, conditions, conduct, omissions, carelessness and negligence of the defendant, its servant and agent, in this complaint alleged, the said motor-truck of said defendant ran into and against plaintiff's automobile, and struck plaintiff's automobile with great force and violence, and severely jarred, jolted and shoved plaintiff's automobile, by reason of which said automobile was bent, broken, injured and damaged to such an extent that it was thereby caused to be and become valueless and of no use or benefit to the plaintiff; that by reason thereof, and of the premises and of the acts, conditions, conduct, omissions, carelessness and negligence in this complaint alleged, all of which were known to the defendant and its servant and agent driving said truck, or in the exercise of ordinary care might and should have been known, plaintiff became and is damaged in the sum of $1,750 damages to said automobile.''.

The second cause of action is the same as the first, excepting the plaintiff alleges injuries to his person. In its answer the defendant admits the incorporation of the defendant and the city, the passage of the ordinance referred to, that the defendant was the owner of the truck, and that the same was being used, operated, and managed by its servants and agents; denies the remaining allegations of the complaint, and sets forth the following affirmative defense: "That on or about the eighteenth day of June, 1919, one of the employees of the defendant company was in the regular course of his employment in charge of and driving a motor-truck belonging to the defendant company; that in the regular pursuit of his employment on said day he started from a point in the alley which runs in the rear of the property of the Missoula Creamery Company and proceeded westward to the intersection of said alley with Owens Street in the city of Missoula, Montana, crossed said Owens Street to the west side thereof, and proceeded south on the west side of said Owens Street, which was the right-hand side thereof, to the intersection of said Owens Street with Alder Street in said city of Missoula, intending to continue southward across said Alder Street to the south side thereof and then turn to the east and proceed eastward on the south and right-hand side of said Alder Street; that said motor-truck was being driven by said employee of the defendant at a rate of approximately six or seven miles per hour and as it proceeded southward and reached the intersection of said Owens Street with said Alder Street, and before it had had time to cross the center line of said Alder Street the driver on said truck saw the plaintiff coming westward on said Alder Street in said Buick roadster, driving on the south, or left-hand, side of said Alder Street and at a high and excessive rate of speed, to-wit, at approximately twenty-five or thirty miles per hour; that the plaintiff continued to approach the intersection of said Alder Street with said Owens Street as aforesaid; that, by reason of the excessive rate of speed at which the plaintiff was driving and by reason of his driving on the south, or left-

hand, side of said street it was impossible for the driver of the defendant's said motor-truck to continue across the center line of said Owens Street and turn eastward along the south side of said Alder Street without coming into collision with the Buick roadster being driven by the plaintiff; that in view of said emergency, and to prevent, if possible, a collision with the plaintiff, the driver of the defendants said motor-truck turned quickly, and before he had crossed the center line of said Owens Street, to the eastward along the north side of said Alder Street, but that the plaintiff, still driving at the excessive rate of speed heretofore mentioned, suddenly turned toward the northwest and across said Alder Street to the north side thereof, and collided with the said motor-truck of the defendant; that the driver of the defendant's said motor-truck had no opportunity to avoid said collision or to prevent the plaintiff from running into said truck after said emergency so brought about by the negligence and carelessness of the plaintiff had arisen; and the defendant alleges that said collision and the damage and injury to said Buick roadster resulting therefrom, and the alleged personal injuries sustained by the plaintiff, if any, were due to and proximately caused by his own carelessness and negligence.''

The plaintiff filed reply, denying the affirmative allegations of the answer. The evidence on behalf of the defendant tended to show that plaintiff was driving at an excessive rate of speed; that he was driving on the wrong side of the street; that he did not stop his car, though he saw the defendant's truck when he was forty-five or fifty feet from it, or otherwise attempt to avoid the collision. The trial resulted in judgment for the defendant, and the plaintiff has appealed from the order denying his motion for a new trial.

The plaintiff assigns as error the giving of two instructions by the trial court on contributory negligence. No complaint is made that the instructions do not state the law on the subject, but counsel for plaintiff contends that there was no issue as to contributory negligence, and the court should not have

submitted instructions to the jury on that feature of the case; the only objection urged to the instructions in the settlement thereof was that contributory negligence is not pleaded or presented in the answer.

It is a rule now well established in this state that the defense [1, 2] of contributory negligence, in order to be available to the defendant, must be specially pleaded, unless the contributory negligence appears from allegations of the complaint, or unless the plaintiff's own case raises a presumption of contributory negligence (*Birsch* v. *Citizens' Electric Co.*, 36 Mont. 574, 93 Pac. 940), and that it must be pleaded with the same degree of particularity as the plaintiff must employ in charging negligence (*Gleason* v. *Missouri River Power Co.*, 42 Mont. 238, 112 Pac. 394; *Surman* v. *Cruse*, 57 Mont. 253, 187 Pac. 890).

When contributory negligence is pleaded as a defense, it must be alleged in the same manner that negligence must be alleged as a ground for recovery; the act or omission must be stated, must be characterized as negligent, and must be shown to have contributed to the injury complained of. (Phillips on Code Pleading, sec. 503.) And whether there is a sufficient charge of negligence must be determined from the facts alleged, and not from the use of the terms "negligently and carelessly." (*Surman* v. *Cruse, supra.*)

Counsel for plaintiff contends that the only allegations of [3] the answer in relation to negligence on the part of the plaintiff is as follows: "And the defendant alleges that said collision and the damage and injury resulting therefrom, and the alleged personal injuries sustained by plaintiff, if any, were due to and proximately caused by his own carelessness and negligence." Standing alone, under the rule laid down in the case of *Birsch* v. *Citizens' Electric Co., supra,* it would be wholly insufficient to charge contributory negligence on the part of the plaintiff, but the affirmative defense, set forth in the answer, of which the above forms a part, should be construed as a whole, and in said defense the defendant alleges:

"The driver of said truck saw the plaintiff coming westward on said Alder Street in said Buick roadster, driving on the south, or left-hand, side of said Alder Street, and at a high and excessive rate of speed, to-wit, at approximately twenty-five or thirty miles per hour." The defendant also alleges: "But that the plaintiff still driving at the excessive rate of speed heretofore mentioned, suddenly turned toward the north-west and across said Alder Street to the north side thereof and collided with the said motor-truck of the defendant; that the driver of the defendant's said motor-truck had no opportunity to avoid said collision or to prevent the plaintiff from running into said truck after said emergency so brought about by the negligence and carelessness of the plaintiff had arisen." When the ultimate facts are sufficiently set forth, the conclusions of the pleader are of no importance.

In the case of *Puckett* v. *Sherman & Reed*, 62 Mont. 395, 205 Pac. 250, Mr. Justice Holloway, speaking for this court, says: "The violation of the speed ordinance by Leland constituted negligence for which the defendant, his employer, might be charged, but equally so the violation of the same ordinance by the plaintiff constituted negligence, and, if it may be said that Leland's violation was a proximate cause of the collision, so likewise might it be said that plaintiff's violation was a contributory proximate cause. (*Melville* v. *Butte-Balaklava Copper Co.*, 47 Mont. 1, 130 Pac. 441.)" (See, also, *Hughes* v. *Hudson-Brace Motor Co.*, 111 Kan. 391, 207 Pac. 795.)

We think the affirmative defense set forth in defendant's answer, taken as a whole, is a sufficient plea of contributory negligence on the part of the plaintiff, and, there being evidence in support thereof, the court did not commit error in submitting the question to the jury.

The plaintiff assigns as error the refusal of the trial court [4] to grant a new trial upon the ground of newly discovered evidence. In support of his motion for a new trial, plaintiff filed two affidavits, one of them made by one E. Lawrence, and the other by A. M. Nooney, the party who was on the truck

with witness Nearman at the time of the accident. An examination of both affidavits discloses that all of the material facts therein contained were testified to by the plaintiff himself and witness Rickert, and the evidence therefore is purely cumulative in character, and affords no ground for a new trial; also, in view of the fact that Nooney was riding with the defendant's driver at the time of the accident, it can hardly be said that the plaintiff, by the exercise of diligence, could not have had his evidence at the trial. (*Surman* v. *Cruse, supra; Nicholson* v. *Metcalf,* 31 Mont. 276, 278, 78 Pac. 483; *Roberts* v. *Oechsli,* 54 Mont. 589, 593, 172 Pac. 1037.)

Plaintiff also contends that the evidence is not sufficient to [5] sustain the verdict for the defendant. The evidence upon the material matters involved herein is in sharp conflict, and the question of whether the defendant's alleged fault or the plaintiff's alleged fault was the proximate cause of the collision was thus properly one for the jury, and its conclusion thereon we shall not disturb. (*Baxter* v. *Hamilton,* 20 Mont. 327, 51 Pac. 265; *Zalac* v. *Barich,* 58 Mont. 428, 193 Pac. 58.)

We recommend that the order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the order appealed from is affirmed.

*Affirmed.*