SUTTON, Respondent, *v.* MASTERSON, Appellant.

(No. 6,542.)

(Submitted January 6, 1930.  Decided February 1, 1930.)

[284 Pac. 264.]

*Mr. J. D. Taylor,* for Appellant.

*Messrs. Baggs & Kurtz,* for Respondent.

MR. JUSTICE FORD delivered the opinion of the court.

This is an appeal by defendant from a judgment in favor of plaintiff, in an action in claim and delivery, involving the ownership of an automobile.

The complaint is in the usual form in such actions. At the time of the commencement of the action plaintiff filed an affidavit and undertaking, and the automobile was taken from defendant's possession by the sheriff. Upon the trial and at the close of plaintiff's case, defendant's motion for nonsuit was denied; he declined to introduce evidence, and plaintiff's motion for directed verdict was granted. Judgment was accordingly entered; defendant's motion for a new trial was denied, and he appeals from the judgment.

It appears from the record that in January, 1928, plaintiff desired to purchase a 1928 Chevrolet sedan, and, after negotiations with defendant, the Chevrolet dealer in Hamilton, an agreement was reached under the terms of which plaintiff purchased a 1928 AB model sedan, with certain extra equipment, for the sum of $874.75, payable $500 cash, $274.75, the trade-in value of plaintiff's used car, and the balance of $100 upon the delivery of the automobile purchased. At the time of purchase, defendant did not have in stock an automobile of the kind purchased, but it was agreed that the first one received by him would be delivered to plaintiff.

Plaintiff having made delivery to defendant of his used car, defendant delivered to plaintiff a 1927 model sedan, to be used by him until such time as the new automobile purchased should arrive, which defendant thought would be about two weeks. Defendant prepared, upon a printed form, a memorandum or "buyers order," describing the 1927 model; the extra equipment purchased (similar equipment was on the 1927 model, when delivered to plaintiff); the purchase price; the down payment and the allowance for the used car. Following the printed words "Balance due upon delivery," there was written; "1928 AB model one hundred dollars. Trunk at cost. If car in good condition." There was also written across the face of the "order" and below the list of extra equipment; "The same quality new car." The 1928 model was not received by defendant until late in March. On March 24, defendant showed the automobile in suit to plaintiff's wife and told her that was the automobile purchased by plaintiff. Later he showed it to plaintiff, who tendered defendant his check for $100, the balance remaining unpaid. Defendant desired to keep the automobile on display a few days in his place of business, which was agreeable to plaintiff; however, it was agreed that delivery would be made on Wednesday or Thursday following. On Thursday Mrs. Sutton drove the 1927 model to defendant's garage for the purpose of having it "checked over" to determine what, if any, repairs were required to put it in good condition. After an examination, defendant advised her that the brakes needed relining and the radiator needed repairs; this work he agreed to do at plaintiff's expense. Later in the day plaintiff called at defendant's garage for delivery of the new automobile and found that the repairs had not been made upon the 1927 automobile and for the first time defendant asserted that plaintiff had bought the 1927 model and not the 1928 model. Upon defendant's refusal to deliver the 1928 automobile this action was instituted.

After the institution of the action plaintiff procured the 1927 automobile to be repaired by relining the brakes and

repairing the radiator. On April 7 he offered to return the 1927 model and tendered to defendant $100, which was refused. The automobile was then stored subject to the orders of defendant, where it has since remained. Upon the trial plaintiff tendered to the clerk of court $100, to be paid either to defendant or his attorney, upon the execution and delivery of a proper bill of sale for the 1928 model sedan.

It is first contended by defendant that there is not any evidence showing that at the time of the commencement of the action plaintiff was the owner of the automobile in suit, or entitled to its possession. The argument upon this point is founded entirely upon the theory that plaintiff, in fact, purchased the 1927. model and was granted the privilege of exchanging it for a 1928 model. There is not any evidence to support such a contention. The written memorandum or order does not justify the assertion. The uncontradicted evidence shows that plaintiff purchased a 1928 model and was permitted to use the 1927 model until the new automobile arrived. Upon its arrival it was pointed out and selected as the automobile purchased by plaintiff, and he was entitled to delivery upon paying the balance due and the return of the 1927 sedan. "The title to personal property, sold or exchanged, passes to the buyer whenever the parties agree upon the present transfer, and the thing itself is identified, whether it is separated from other things or not." (Sec. 6879, Rev. Codes 1921.)

Counsel contends that when, prior to the commencement of this action, plaintiff offered to return the 1927 sedan, it was not in good condition, and that he did not tender the balance due, and as a result plaintiff was not the owner or entitled to the possession of the car in suit at the time of the commencement of this action. The uncontradicted testimony shows that plaintiff had requested defendant to make the necessary repairs upon the 1927 sedan at plaintiff's expense; that defendant agreed to make the repairs but later refused to do so; and that plaintiff had indicated his willingness to pay the balance of the purchase price, but defendant repudiated

his contract and asserted that plaintiff had purchased the 1927 sedan and not the automobile in suit. It is obvious that, had plaintiff offered to return the 1927 car in good condition and tendered the amount then due, neither offer nor tender would have been accepted by defendant. "We have held repeatedly that a useless tender is not required, and that, when it is apparent that a tender although required by an obligation will be refused, it need not be made." (*Davies* v. *Montana Auto Finance Corp.*, ante, p. 500, 284 Pac. 267; *Oscarson* v. *Grain Growers' Assn.*, 84 Mont. 521, 277 Pac. 14; *Hills* v. *Mutual Oil Co.*, 65 Mont. 317, 211 Pac. 314; *Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918.) The law does not require an idle ceremony. (*Rairden* v. *Hedrick*, 46 Mont. 510, 129 Pac. 498.)

Counsel predicates error upon rulings of the trial court in permitting plaintiff to explain and vary by parol testimony the terms of the written "contract" of purchase. Under the statutes and decisions of this state, resort may be had to parol evidence in aid of the interpretation of a written contract, when it appears on its face that it is uncertain and ambiguous. (*Hill Cattle Corp.* v. *Killorn*, 79 Mont. 327, 256 Pac. 497; *Brockway* v. *Blair*, 53 Mont. 531, 165 Pac. 455.) Clearly the so-called "buyers order" is not free from ambiguity; that it does not contain all the terms of the agreement is obvious, and, even from the language used, the intention of the parties is not clear. Indeed, it is apparent that the writing is nothing more than a brief memorandum of certain points of the agreement; it is uncertain and ambiguous, and the court ruled correctly in admitting the evidence complained of.

Finally counsel for defendant contends that the court erred in denying his motion for a new trial, based upon the ground of newly discovered evidence. Newly discovered evidence, as a ground for a new trial, must be "material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." (Sec. 9397, Rev. Codes 1921.) "And the moving party must disclose by his own affidavit that the new evidence was not

known to him at the time of the trial." (*Roberts* v. *Oechsli*, 54 Mont. 589, 172 Pac. 1037, 1039.)   Tested by these rules, defendant's affidavit is insufficient.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.